Parker, C. J.
The demandant has counted upon the seizin of Mr. Gilman, his predecessor, within thirty years before the commencement of his action; and such seizin must be proved, [* 287] or he cannot recover. For, by our statute *of limitation of real actions, being Stat. 1807, c. 74, § 2, “No person shall sue, have, or maintain any writ of entry upon disseizin done to any of his ancestors or predecessors, &c., unless the ancestor or predecessor, under whom the demandant shall claim, shall have been seized or possessed of the lands, &c., demanded within thirty years next before the test of the writ, or bringing such action.”
It is expressly agreed in this case, that Mr. Gilman never entered upon, possessed, or made claim to the land demanded. His seizin, therefore, if he had any, must have been a constructive one, being derived from his title to all the ministerial lands in North Yarmouth at the time he was settled in the ministry there ; he having actually entered upon some of the lots, which were a part of the ministerial right. But such a constructive seizin cannot be inferred in this case ; because he did not enter upon a part with a view of claiming the whole ; but, on the contrary, in pursuance of a vote of the town, acting parochially, he appropriated to himself only some of the lots or parcels which belonged to the ministerial right; thereby assenting to the disposition made by the town of the other lots, at least so far as to negative any implication of a seizin of those others, arising from the right vested in him by his settlement, and by his occupation of the other lots. Whether the demandant would be entitled to recover upon this evidence, if the lot demanded had remained vacant and unoccupied, we need not determine ; for here has been an occupation, if not adverse, inconsistent with the seizin of the demandant’s predecessor, so as effectually to bar him, according to the statute, from maintaining this action.
In the year 1770, by a vote of the town of North Yarmouth, then comprising but one parish, the inhabitants of that part of the town now Freeport were set off into a separate district ; and in 1774 the lot demanded was appropriated to-the inhabitants of the easterly part of the town, who carried on public worship, separate from the town, in a place convenient for themselves. In consequence of this appropriation, they soon after, at their own expense, erected [*28S] *a meeting-house upon the lot thus granted to them, which they have continued to use for public worship to the present time.
In the year 1789, the same section of the town was incorporated ‘nto a separate town, and in the following year they.settled a minister. Now, although the grant was ineffectual, because it had not the ex *251 press assent of the minister for the time being, without which the town or parish could not transfer the land, yet the implied assent of the minister, he not having objected, but having suffered the land to be occupied under the vote of the town during his life, is sufficient to disprove any seizin in him.
The objection suggested at the bar, that the persons, described as the inhabitants of the easterly part of the town, were not capable of taking by grant, or of disseizing the rightful owner, does not apply here. It is sufficient for the defence, that Mr. Gilman was not seized, and there appears to be no evidence of an actual or constructive seizin in him.
Whether the fences, which inclosed the land demanded, were built by the "inhabitants, who were the object of the vote of the town, or by the owners of the adjoining land, is immaterial ; as the land appears to have been distinctly separated from all other land ; and the meeting-house built within the inclosure is sufficient evidence of occupation of the whole lot.†

Demandant nonsuit.

 Vide Barr vs. Gratz, 4 Wheat. 213 —Brimmer vs. Proprietors of Long Wharf, 5 Pick 131. — Rust vs. Boston Mill Corporation, 6 Pick 158. — Langdon vs. Potter & al., 3 Mass. Rep. 215. — Johnson vs. Carter, 16 Mass. Rep. 443.— Codman & al. vs. Winslow, 10 Mass. Rep. 146 — Little vs. Maguire, 2 Greenl. 176.— Commonwealth vs. Dudley. 10 Mass Rep. 403 — Proprietors Kennebec Purchase vs Laboree, 2 Greenl 273. When each of the parties has held distinct parts of the lands in controversy, it is well settled that the party having the better right is in constructive possession of all the land not occupied in fact by his adversary. Hunt & al. vs Wikliffe, 2 Peters, 212.— Green vs. Liter, 8 Cranch, 229. Where two persons are in possession under different titles, or there is a mixed possession, the law adjudges him to have the seizin who has the better title. Barr vs. Gratz, ubi sup.— Codman & al. vs. Winslow, ubi sup. Commonwealth vs. Dudley, ubi sup. — Brimmer vs. Proprietors of Long Wharf, ubi sup. — Rust vs. Boston Mill Corporation, ubi sup.