Ford *v.* Adams.

---

SAME TERM.          *Before the same Justices.*

### FORD *vs.* ADAMS.

Where a declaration alleged that one J. S., being indebted to the plaintiff, made and delivered to him, his order in writing, directed to the defendant, to deliver to the plaintiff or bearer, a certain quantity of wood; and that the defendant, being indebted to J. S., in consideration thereof, accepted the said order, and promised to deliver the wood, according to the tenor and effect of such order and the acceptance thereof; *Held*, on demurrer, that the defendant's acceptance of the order, and his promise to deliver the wood, were without any consideration, and therefore void; and that the plaintiff could not maintain an action against him thereon.

DEMURRER to declaration. The declaration stated that one Jacob Schyer, on the 28th of March, 1844, "being indebted to the plaintiff, made his certain order in writing and directed to the defendant, to deliver to the plaintiff or bearer forty cords of merchantable beech wood, and twenty cords of merchantable birch wood, and then and there delivered the said order to the plaintiff, and the defendant being indebted to the said Jacob Schyer in a large sum of money, then and there, in consideration thereof, accepted the said order in writing upon said order, and promised to deliver said wood according to the tenor and effect of said order and acceptance thereof." The plaintiff then averred a refusal to deliver the wood; and this was followed by the money counts. The defendant demurred to the first count of the declaration, and assigned the following causes: 1. That there was no express averment in the declaration that the defendant was indebted to Schyer. 2. That there was no consideration for any such indebtedness alleged. 3. That the averment that the defendant " accepted the said order in writing upon said order, and promised to deliver said wood according to the tenor and effect of said order and acceptance thereof," was bad, not only for duplicity, but because such acceptance created no liability on the part of the defendant, and the promise as therein described, was void. 4. That there was no averment that the plaintiff demanded or requested the said wood, or any part thereof, of the defendant. 5. That there was no averment that at the time of the acceptance of the order by the defendant, and of the promise to deliver the wood, the defendant had in his possession forty cords of merchantable beech wood and twenty cords of merchantable birch wood belonging to the plaintiff.

*Isaac McConihe*, for the plaintiff.

*Geo. G. Scott*, for the defendant.

*By the Court*, CADY, P. J. The defendant's acceptance of the order, and his promise as stated in the declaration, were

Ford *v.* Adams.

without any consideration, and therefore void. This case can‑ not be likened to one where a debt due upon a bond, or any other contract not negotiable, has been assigned, and the debtor makes an express promise to pay. In such a case the assignee can in his own name, in a court of equity, compel the payment of the debt. The debtor, in such a case, is under a moral and equitable obligation to pay the debt to the assignee; and that obligation is a sufficient consideration for his promise to pay the debt. (*Crompton* v. *James,* 4 *Cowen,* 13.) But in this case the plaintiff is not the assignee of the debt due from the defendant to Jacob Schyer. The order which he held gave him no equitable right to compel the defendant to deliver to him any wood, nor was the defendant, by reason of the order, under any moral or equitable obligation to deliver any wood to Jacob Schyer, or to the plaintiff. He received nothing for his acceptance of the order and his promise to deliver the sixty cords of wood. The debt due from him to Jacob Schyer was not thereby satisfied in whole or in part; and had the defen‑ dant delivered the sixty cords of wood to the plaintiff, he could not have discharged the defendant from the whole or any part of the debt due to Jacob Schyer. The plaintiff gave no con‑ sideration to Jacob Schyer for the order, nor to the defendant for his acceptance of the order, and his promise to deliver the wood. If the defendant had, in consideration of his owing $200 to Jacob Schyer, promised to deliver to him sixty cords of wood, the promise would have been without consideration, without a promise on the part of Jacob Schyer that he would accept the wood in satisfaction of part or the whole of the debt due to him. (*See the cases collected in a note to the case of Mowry* v. *Todd,* 12 *Mass. Rep.* 284, *ed. of* 1843.)

The defendant must have judgment upon the demurrer.