Lent *v.* Hodgman.

---

## LENT *vs.* HODGMAN.

*Held*, that instruments in the following form: " Bath, January 13, 1851. Pay Abram Lent for 68$\frac{25}{11}$ bushels wheat in store at three cents below first quality wheat. L. D. H. for L. D. Hodgman"—" Bath, January 23, 1851. Pay Abram Lent for 33$\frac{46}{11}$ bushels wheat. S. M. C. for L. D. Hodgman," were not bills of exchange, or promissory notes, the sums to be paid not being specified; but that they were valid special agreements.

*Held also*, that the instruments imported a sale of the wheat; and that the contracts were, substantially, that the defendant would pay the plaintiff the market price for specified quantities of wheat sold to him by the plaintiff, deducting three cents per bushel, from one quantity sold.

*Held further*, that there was no such ambiguity as warranted the introduction of parol evidence tending to show that the instruments were not contracts.

THE complaint in this cause alleged that in the month of January, 1851, the defendant, at Bath, made his two promissory notes, or bills, or instruments in writing, of which the following are copies :

"Bath, January 13th, 1851.    Pay Abram Lent for 68$\frac{25}{11}$ bushels wheat in store at three cents below first quality wheat.

(Signed)        L. D. H., for L. D. Hodgman."

Also the defendant on the 23d day of January, 1851, made another note or instrument in writing, by S. M. Chamberlain his agent, duly authorized by the defendant to execute such instruments for said defendant, of which the following is a copy:

"Bath, January 23d, 1851.    Pay Abram Lent for 33$\frac{4}{11}$ bushels wheat.        (Signed)        S. M. C., for L. D. Hodgman."

The words for L. D. Hodgman in both of the above copies being in print, on printed forms; and that although the said notes or bills, or instruments as above set forth, became due and payable before the commencement of this action, and that the same had been demanded of said defendant before the commencement of this action, yet the defendant had not paid the same nor any part thereof.    The plaintiff further claimed against the defendant, for one hundred and two bushels of wheat sold and delivered by the plaintiff to the defendant at his request, on the 13th day of January, 1851.    The plaintiff further alleged that he was the lawful owner and holder of said notes, bills and claims, and that the defendant was justly indebted to him thereupon in the sum of one hundred dollars, with interest; for which sum he demanded judgment.    The defendant in his answer alleged that about the first of January, 1851, it was agreed between the plaintiff and the defendant, that the plaintiff would bring to and store in the mill of the defendant a quantity of wheat that the plaintiff had, and that the defendant would purchase of the said plaintiff, the wheat so brought and stored in the said mill, at any time between that day and the first day of June next following, when the plaintiff should conclude to sell the same, and should fix the price therefor, and that the defendant would pay to the plaintiff for such wheat a price three cents per bushel less than the market price of the first quality of wheat, on the day the plaintiff should conclude to sell the same, and should fix the price therefor; that in pursuance of such agreement, the plaintiff brought two parcels of said wheat, and the same was received and stored in said mill, and that at the time

of receiving said wheat in said mill, the written instruments set out in the complaint were made and delivered to him, as evidence of the amount of wheat so received and stored, and of the quantity to be paid for by the defendant, if the plaintiff should afterwards conclude to sell the same to him, and for no other purpose whatever. And the defendant alleged that S. M. Chamberlain was not his agent, or authorized to purchase any wheat of the plaintiff, or to give any note or instrument in writing binding the defendant to pay for the said wheat, or making him liable therefor in any other manner than as herein above stated. He further alleged that after the said wheat was received and stored in the said mill, and on or about the 28th day of March, 1851, the mill casually took fire, and the same, together with the said wheat stored therein as aforesaid, was burnt and destroyed, without any fault or negligence on the part of him the defendant; and that at the time the said mill and wheat was so burned and destroyed, the plaintiff had not fixed a price which he would take for the said wheat, nor had the defendant accepted and received the same as his own property.

The reply put in issue the allegations in the answer.

On the trial, at the Steuben circuit in January, 1852, the plaintiff proved by Samuel M. Chamberlain, that he worked for the defendant, in January, 1851; that the defendant was then, and is, in the milling business; that he, the witness, was employed by the defendant to purchase and receive wheat for him, and gave such instruments; that he did not know what the bargain was between the parties in reference to the wheat delivered by the plaintiff, was not present when any bargain was made, and made none himself. The plaintiff then presented and introduced the two instruments in writing, set forth in the complaint, with the name of L. D. Hodgman printed, and proved by the witness, that the initials S. M. C. above the said name in one of said instruments, was in the hand-writing of S. M. Chamberlain, the witness, and that he had authority to sign the same in that manner for the defendant. The plaintiff then read the said instruments in evidence to the jury. He then proved that on the

Lent *v.* Hodgman.

fifth or sixth of May last, the plaintiff presented the said instruments to the defendant, and requested him to pay them, and that the defendant did not do so. He then proved the price of wheat at and about the time the instruments bore date, and rested. The defendant then moved for a nonsuit, upon the ground that the plaintiff had shown nothing which entitled him to recover against the defendant, and upon the further ground that the instruments relied upon were neither promissory notes, drafts or checks, nor were they promises on the part of the defendant to pay the plaintiff any thing, nor agreements, and that they were so uncertain that they were void. But the circuit judge refused to nonsuit the plaintiff as requested, and denied the said motion, and the counsel for the defendant excepted. The defendant then offered to prove by verbal evidence, that the wheat mentioned in the said instruments, was not purchased by the defendant of the plaintiff, but was by the plaintiff brought to the mill of the defendant and stored therein, and that while it was so in store, the mill took fire and burned down, and the wheat was destroyed without the fault or negligence of the defendant. But to this the plaintiff objected, on the ground that parol evidence could not be given to vary or explain the written instrument, and that it was irrelevant and improper; and the circuit judge decided that the evidence was irrelevant and improper, and rejected the same; to which decision the counsel for the defendant excepted. The counsel for the defendant then offered to prove by verbal evidence, the facts and matters set forth in the answer, precisely as therein stated, so far as the same related to the making and delivery of said instruments, and the purpose for which they were delivered. But to this the counsel for the plaintiff objected, on the ground that parol evidence could not be given to vary or explain the written instruments, and that it was irrelevant and improper; and the judge rejected the same, and the counsel for the defendant excepted. The counsel for the defendant then offered to prove by verbal evidence that the wheat mentioned in the said instruments was not purchased by the defendant of the plaintiff, or received on a contract to purchase the same, but to this the

counsel for the plaintiff objected on the same ground, and the circuit judge decided that the evidence was irrelevant and improper; that it would be varying or explaining the written instruments by parol evidence; to which decision the counsel for the defendant excepted. · Under the direction of the court, the jury found a verdict for the plaintiff for $101,42; and the defendant, upon a case, moved for a new trial.

*C. J. McDowell*, for the plaintiff.

*W. Barnes*, for the defendant.

*By the Court*, T. R. STRONG, J.    The instruments in question are not bills of exchange, or promissory notes, as the sums to be paid are not specified. (*Story on Bills*, § 42.    *Id. on Prom. Notes*, §§ 19, 20, 21.)    But I think they are valid special agreements. The legal effect of the omission of the name of a drawee is, that the drawer is also the drawee. (*Story on Bills*, §§ 39, 35.)    He promises absolutely to pay, instead of conditionally, on the default of another person.    As to the sums to be paid, it is sufficient to the validity of the instruments, as agreements, that the sums can be ascertained by reference to the market price of wheat, which must control, except so far as the parties have provided a different standard.    I consider it clear, that the instruments import a sale of the wheat.    The word " pay," implies an indebtedness, and it being expressed that the payment is to be for wheat, a sale of that must be understood.    This construction is strengthened, rather than weakened, by the words " in store," in one of the contracts, as showing that the wheat had been received. Taking this view, the contracts are substantially, that the defendant will pay the plaintiff the market price for specified quantities of wheat sold to him by the plaintiff, deducting three cents per bushel from one quantity sold.    Here are the promissor, the promisee, the sum payable, and the consideration therefor; and there is no want of reasonable certainty.    The evidence offered by the defendant would have tended to prove, not that the instruments were without consideration, but that they were not

---

contracts. I am satisfied there is no such ambiguity as warranted the introduction of that evidence. (*Goodyear* v. *Ogden*, 4 *Hill*, 104. *Brown* v. *Hull*, 1 *Denio*, 400. *Niles* v. *Culver*, 8 *Barb*. 205. *Norton* v. *Woodruff*, 2 *Comst*. 153.)

[CAYUGA GENERAL TERM, June 6, 1853. *Selden, Johnson* and *T. R. Strong,* Justices.]