MICHAEL LOFTUS, assignee of William Scotsmer, *v.* WILLIAM T. CLARK and DAVID DEANE.

A written instrument for the payment of money upon a contingency, may be transferred by delivery merely, although drawn payable "to order."

Such an instrument is not negotiable, and no indorsement is requisite to transfer the title. A delivery, with intent to vest in the party claiming under it all the payee's interest in it, is sufficient.

The act of March 26, 1819, prohibiting justices' courts from exercising jurisdiction in actions for seamen's wages, deprives the justice of jurisdiction, only when the action is against the owners, master or commander of a ship or vessel upon a contract made with the owners, commander or master.

The prohibition does not apply to an action on a contract of a shipping agent to pay advance wages on the seaman's proceeding to sea in the vessel, pursuant to the shipping articles.

APPEAL from a judgment of the Second District Court. The action was brought to recover upon an instrument in the following form.

"New York, Nov. 15, 1856.

" We promise to pay William Scotsmer or order, forty dollars, being the amount of his advance wages in the ship called the Arabia, provided he proceeds to sea in said vessel according to the shipping articles.

"($40.)                    CLARK & DEANE, 183 South street.

"Per JOHN WILSON."

It appeared that defendants kept a shipping office, and were engaged in the business of shipping seamen. Scotsmer was a seaman, and was boarding with the plaintiff, who kept a sailors' boarding-house. He shipped for the Arabia, at Clark & Deane's office, and received the above due bill for advance wages, and afterwards delivered it to the plaintiff on settling accounts with him for board. There was evidence that Scotsmer had gone on board the ship to sail in her.

On the trial, after the evidence for the plaintiff was closed,

defendants' counsel moved for a nonsuit on the ground that there was on indorsement of the instrument in suit by Scotsmer to the plaintiff. The motion was denied. The justice rendered judgment for the plaintiff, and the defendants appealed. The notice of appeal stated, among other grounds, the objection that the justice had no jurisdiction of the action, it being for seamen's wages.

*Alanson Nash*, for the appellants.

I. The district court has no jurisdiction of an action brought by a seaman or mariner, or other person belonging to a ship or vessel for seamen's wages. Sayre's Laws, p. 52, chap. 71, 82 ; Laws of 1819 ; Davies' Laws, 629. When an assignee takes claim, he takes it subject to all the equities and burthens of the original party.

II. The plaintiff cannot maintain this action ; the due bill is payable to William Scotsmer, or order, and is not indorsed, and, therefore, is not negotiable. The only evidence of any delivery to the plaintiff in this suit is, that Scotsmer handed it to the plaintiff, without proof of any authorization to collect it.

III. If the plaintiff is successful in this matter, William Scotsmer, the pretended assignor of the plaintiff, may sue Clark & Deane, the defendants here, and they could not plead this present suit as a bar, for this same sum of money.

*H. W. Channing*, for respondent.

DALY, J.—The instrument upon which the plaintiff sought to recover was not a promissory note. The undertaking in a promissory note or bill of exchange must be, to pay absolutely and at all events, and must not depend upon a contingency. *Carlos* v. *Fancourt*, 5 T. R. 482 ; *Kingston* v. *Long*, Bayley, 13. It was a special agreement to pay Scotsmer $40, being the amount of his advance wages in the ship called the Arabia, *provided* he proceeded to sea in that vessel according to the shipping articles. In promissory notes and bills of exchange, a consideration is

presumed and need not be proved, but here the consideration is expressed upon the face of the instrument, and, to establish the defendants' liability, it was necessary to show that Scotsmer went to sea in the vessel. Though made payable to Scotsmer's order, it was not necessary as in the case of a promissory note, or other negotiable instrument made payable to order, that he should indorse it. The delivery of it, by Scotsmer, to the plaintiff, with the intent to vest in the plaintiff all the interest Scotsmer had in it, to transfer to the plaintiff whatever claim or demand Scotsmer had, or might have upon it, against the defendants, was sufficient to pass the legal title to it, and vest it in the plaintiff. *Hastings* v. *McKinley*, 1 E. D. Smith, 273. It was shown that the plaintiff kept a boarding-house; that Scotsmer boarded with him, and that he gave it to the plaintiff for board, and for an amount which the plaintiff had advanced to him. This was sufficient to show a good and valid transfer of it to the plaintiff.

This was not an action for seamen's wages, but upon a written instrument by which the defendants promised to pay William Scotsmer a certain sum of money, if he would do a certain act. It was a promise founded upon a good and valid consideration. The liability of the defendants does not grow out of services rendered to them by Scotsmer, as a mariner, but because they agreed to pay him $40, his advance wages, if he would proceed to sea in a certain vessel; or if it could be regarded as an action for seamen's wages, it was not shown that the defendants were the owners of the vessel, and the act of 1819 deprives the justice of jurisdiction of actions for seamen's wages, only where the action is against the owner, master or commander of any ship or vessel, upon a contract made with the owner, commander or master. Davies' Laws relating to the city of New York, p. 501.

No question is raised by the appeal as to the authority of the defendants' clerk to make such a contract on behalf of the defendants, or any question as to whether Scotsmer proceeded in the vessel according to the terms of the contract. The justice found upon both these points in favor of the plaintiff; and no objection is

taken as to the sufficiency of the evidence to warrant his so find-ing, except that the judgment should have been for the defend-ants, which is not a sufficiently specific statement of a ground of appeal.