Lenx agt. Jansen.

# NEW-YORK COMMON PLEAS.

## HENRY LENX agt. A. JANSEN.

The defendant made and signed an order in these words: "Messrs. Foster & Lee, Gents.: Pay to Joseph Lenx, or order, the sum of $68.50, in such furniture as he may select, and charge the same to my account, for value received," and upon the back of this order Joseph Lenx wrote: "Pay to Henry Lenx," and signed his name thereto. The order was given for a *bona fide* indebtedness.

*Held*, that the order not being either a bill of exchange or promissory note, it was not transferable *at law* by indorsement merely; but in *equity* the indorsement invested the plaintiff with all the rights of Joseph Lenx, and entitled him to recover against the defendant.

*General Term, July*, 1859.

APPEAL from a judgment at special term.

By the court—BRADY, J. The defendant, being indebted to Joseph Lenx, gave him an order, of which the following is a copy:

"Messrs. Foster & Lee:

"GENTS—Pay to Joseph Lenx, or order, the sum of sixty-eight dollars and fifty cents, in such furniture as he may select, and charge the same to my account, for value received.

"June 26th, 1858.                                    A. JANSEN."

And it was agreed between them that it should not be presented until a day named, when the defendant was to meet Lenx, and go with him to the drawees. The defendant did not meet Lenx as promised, and Lenx thereupon wrote upon the back of the order: "Pay to Henry Lenx," and signed his name thereto. The assignee sued and recovered judgment. There is no evidence of the assignment of the claim, and no other assignment of the order, than the indorsement stated. It is conceded that this is not a bill of exchange, and it must be conceded that it is not a promissory

note, although the respondent insisted, upon the argument, that it was a note payable in specific articles. The defendant makes no promise to pay anything by the order, either in money or articles. He requests Foster & Lee to pay Joseph Lenx the sum of sixty-eight dollars and fifty cents, in such furniture as he may select. It is, therefore, a request or direction to Foster & Lee to deliver to Joseph Lenx a certain amount of furniture, if selected by him, leaving a contingency as to selection. I have not been successful in finding a parallel case in the books, but the principles which apply to it are plain. The order not being either a bill of exchange or promissory note, it was not transferable at law by indorsement merely, and the plaintiff would take nothing by the alleged transfer from Joseph Lenx. It is otherwise in equity. When a subject, says Lord KAMES, is conveyed, every one of its accessories are understood to be conveyed with it, unless the contrary be expressed (1 *Kames' Principles of Equity*, 240), and when the instrument in suit was indorsed, that indorsement in equity operated as a transfer of all the accessories necessary to enable the plaintiff to recover. This doctrine has been illustrated by Judge DALY, in the case of *Sexton* agt. *Fleet*, decided at the present term of this court, and in his opinion the cases bearing upon the subject will be found. The indorsement of the order having invested the plaintiff with all the rights of Joseph Lenx, he was entitled, on the doctrine stated, to recover.

The judgment should be affirmed.