## WILLARD SEARS vs. JOHN L. LAWRENCE.

Such a demand and notice as would charge the drawer of a bill of exchange will not sus-
tain an action against the drawer of an order payable in merchandise.

An oral promise by the drawer of an order, payable in merchandise, after he knows that
it has not been fulfilled, to deliver the merchandise therein specified, will not support an
action.

ACTION OF CONTRACT upon the following order, signed by the
defendant and three other parties, and accepted by Edmund
Swett:

"$ 3479.73.    Boston, March 29th 1851.    On or before the
first day of November next, pay to the order of Willard Sears,
executor, three thousand four hundred and seventy nine dollars
and seventy three cents, in good merchantable lumber, delivered
at Boston, at the current market price, value received, and
charge the same to the account of        Yours, &c."

Trial before *Merrick*, J., who reported the following case
for the judgment of the full court: Before the date of this order,
the defendant, upon the advice and recommendation of the
plaintiff, purchased three drafts, upon which the three other
signers of this order were drawers, acceptors and indorsers,
and afterwards indorsed these drafts to the plaintiff in payment
for a mortgage transferred to him. When two of the drafts
had matured and been dishonored, they were put in suit, and
the defendant arrested. On the 29th of March 1851, and be-
fore judgment in those suits, it was agreed between the plain-
tiff and the parties liable on the drafts, that the three drafts
should be given up to the parties thereon, the defendant dis-
charged from arrest, the actions entered "neither party," and
the plaintiff should receive, instead of the drafts, and for costs
and expenses of those suits, the order now declared on; all of
which was done.

The lumber was never delivered or tendered upon this order,
nor has the plaintiff received anything upon it. The defendant
requested the plaintiff to give him notice of the dishonor of the
order by mail at his residence in Maine.

The jury found specially that the notice of the nonpayment of the order was sent by the plaintiff to the defendant on the 1st of November 1851, by mail, addressed to his residence in Maine, but was not received by him; and that the defendant, after the dishonor of the order and nondelivery of the lumber according to its terms, and knowing that the order had not been paid, and that the lumber had not been delivered, promised the plaintiff that lumber, as described in the order, should thereafter be delivered to him in payment thereof.

*J. G. Abbott & D. E. Ware,* for the plaintiff. 1. Upon the order itself the defendant is bound for its amount, if the lumber mentioned in it is not delivered by the acceptor. It is in the same form as a bill of exchange; the parties intended to bind themselves to the same extent; and there is no rule of law to prevent such intent from being carried into effect. The drawers acknowledge that they have received value to the amount of the order from the payee; and say, in substance, that the payee has bargained with and paid them for so much lumber to be delivered on or before a given day; and therefore they request the drawee to deliver it, which he agrees to do. The drawers are the only ones who get value, and the only ones with whom the payee has any privity of contract. *Ford* v. *Adams,* 2 Barb. 349. *Pridgen* v. *Cox,* 9 Tex. 367. *Coyle* v. *Satterwhite,* 4 T. B. Monr. 124. *Hawkins* v. *Watkins,* 1 Engl. (Ark.) 291.

2. The promise of the defendant, knowing that the order had been dishonored, that the lumber should be delivered, is sufficient to bind him, whatever may have been his previous liability. He has received from the plaintiff value to the amount of the order, and has not assumed any obligation to the drawee. Having the plaintiff's property without having assumed any obligation or given anything for it, he promises to give the plaintiff the value of it. Here is sufficient consideration to sustain the promise. *Mills* v. *Wyman,* 3 Pick. 207. *Dodge* v. *Adams,* 19 Pick. 430. *Geer* v. *Archer,* 2 Barb. 420. *Warren* v. *Whitney,* 24 Maine, 561. *Atkinson* v. *Manks,* 1 Cow. 691.

*J. P Healy,* for the defendant.

METCALF, J.    The instrument in suit, being an order payable in lumber, is not a bill of exchange; and the plaintiff, by making the demand and giving the notice which would charge the drawer of such a bill, does not thereby entitle himself to maintain an action on this order.   He may maintain an action against Swett, the acceptor, if there was a legal consideration for the acceptance.   Possibly he may recover of the defendant on the original cause of action, in discharge of which he received the order.   Of this, however, we express no opinion.   That question would depend on extrinsic matter not now before the court.   See *Tucker* v. *Maxwell,* 11 Mass. 143.

An order for the payment of a certain sum in chattels does not legally import an undertaking by the drawer that the payee shall obtain the chattels, nor that the drawer will be answerable to him for the value of them on the drawee's refusal to accept or to pay the order.   The law and incidents of a bill of exchange do not attach to such an instrument.

On the facts reported by the judge, the defendant's promise, after the acceptor's failure to deliver the lumber, that it should be delivered to the plaintiff in payment of the order, does not appear to have been made on any consideration that will support it; for it is not shown that the defendant was ever, as drawer, under any legal obligation to the plaintiff.   For aught that is shown, the plaintiff may have taken the order on his own risk, relying wholly on Swett, the drawee; the contrary, as already stated, not being inferable from the order itself.   If the defendant was not under any such obligation to the plaintiff, then the promise was to pay the debt of Swett, if Swett was answerable to the plaintiff, and so within the statute of frauds. See Edwards on Bills, 211; *Atkinson* v. *Manks,* 1 Cow. 691; *May* v. *Lansdown,* 6 J. J. Marsh. 170;   *Ford* v. *Adams,* 2 Barb. 349; *Gushee* v. *Eddy,* 11 Gray, 502.

The grounds on which the court decide the case render it needless to consider the question that was discussed as to demand and notice, or the objection as to the nonjoinder of the other drawers of the order, as defendants.

*Judgment for the defendant.*