Wells *v.* Williams.

————————•••————————

## WELLS *vs.* WILLIAMS and others.

In the absence of an express agreement to that effect, there is no liability on the part of contractors upon public works to pay to sub-contractors the 20 per cent reserved in the original contract, for the payment of laborers or mechanics who may be employed.

And a provision made by a contractor, in a contract between him and a sub-contractor, that he shall be entitled to retain in his hands a part of the earnings, as a protection against his liability to the persons employed by the sub-contractor, will not give to the latter, or his assignee, any right of action against the contractor personally, nor any lien on the fund itself.

Where a draft is drawn upon a fund in the hands of a third person and accepted by the drawee, this operates as a valid equitable assignment of the fund to the holder, and entitles him to hold it, as against all other persons not having a prior or a better equity.

APPEAL from a judgment entered upon the report of a referee. The following facts, substantially, appeared

in this cause : The Nassau Water Company, incorporated in April, 1855, for the purpose of supplying Brooklyn with fresh water, made a contract with Henry S. Wells & Co. to construct the mason work of the aqueduct, which the former were building for the city of Brooklyn. Henry S. Wells & Co. made a sub-contract with the defendant S. A. Parkes, and one Dunham, to do a section of the work contracted to be done by them for the Nassau Water Company; the latter consenting to such sub-contract. Subsequently, Dunham assigned his interest to Parkes. The plaintiff and one George Judd then, with the consent of the Nassau Water Company and Henry S. Wells & Company, agreed with Parkes, the sub-contractor last mentioned, to do for him in performance of his sub-contract, all the mechanical and laborer's portion of his said work, including brick paving, walling, arches, centres, rubble work &c. at prices named in the agreement. On or about the month of April, 1857, the plaintiff and Judd entered upon the performance of the work as agreed by them, and performed the same to the satisfaction and approval of the chief engineer, and faithfully carried out their agreement, and paid all their workmen and laborers. It was claimed that by reason of their work, the plaintiff and Judd, under their agreement with Parkes, became entitled to receive of Parkes, over and above all payments, a balance of $2071.40, with interest from September 1, 1858, which sum was assigned over to the plaintiff by Judd, and was due to the plaintiff, and the payment thereof he had demanded from the Nassau Water Company and from Wells & Co. Parkes, the sub-contractor, subsequently to making the contract with Judd and the plaintiff, and prior to completing it, without the plaintiff's and Judd's knowledge or consent, in effect assigned all his contract with Henry S. Wells & Co. over to the respondents, Williams & Potter, by drawing an order in January, 1858, on the 20 per cent retained back on the contract, and which would become due on its final completion. It further appeared, that in the

contract with Henry S. Wells & Co. the Nassau Water Company reserved and retained 20 per cent of each monthly payment to a certain amount; and Henry S. Wells & Co. in the contract with Parkes, and the latter in his contract with Wells & Judd, also respectively reserved and retained 20 per cent of each monthly payment, to protect and render them harmless from any claims and demands arising against them from the failure of the contractor or sub-contractor to pay the mechanics and workmen employed on the work. The amount so retained by Henry S. Wells & Co. of the moneys due to Parkes, was between nine and ten thousand dollars, and the Nassau Water Company retained a much larger amount. The amount of Judd & Wells' 20 per cent retained in the hands of Parkes, was $1780. Upon Parkes' refusal to pay, the plaintiff and Judd presented a bill of their work to Henry S. Wells & Co. and demanded payment of them also, which they refused to make. Subsequently Judd assigned his interest in the matter over to the plaintiff, who brought this action.

The relief prayed for was that the Nassau Water Company might be enjoined and restrained by an injunction order, from paying over to Henry S. Wells & Co. until the further order of this court, the amounts due or to grow due from them to the said Henry S. Wells & Co. under their contract of the 10th of June, 1856, or any part thereof, and that the said Henry S. and Charles Wells might be likewise enjoined and restrained from paying over to the said Parkes, or to his assignees, Williams & Potter, or to the defendant Foster, or to any of the said persons, or to any other person, until the further order of this court, the amount due or to grow due from them to the said Parkes, or any of the defendants under the said contract of February, 1857, or any part thereof, and that the defendants, other than the said Nassau Water Company, might be severally enjoined and restrained from accepting or receiving any portions or portion of the said amounts until the further order of the court, and from

doing any act or thing to prejudice the interest of the plaintiff in the premises, or to delay, defeat or hinder the recovery of his said claim. The plaintiff further prayed that it might be adjudged and decreed that he was entitled to and that he have judgment against the said Nassau Water Company, and against the said Henry S. and Charles Wells, and against the said Smith A. Parkes, for the said sum of $2071.40, with interest thereon from the first day of September, 1858, besides the costs of this action. And also that it might be adjudged and decreed that his equity is superior to that of Williams & Potter, in payment out of said 20 per centum in the hands of Wells & Co., due on the contract of Smith A. Parkes, and that he is entitled to payment thereunto, in preference to any claim which the defendants Williams & Potter might have therein under their transfers from Parkes to them, and that the said Williams & Potter, or George N. Williams, might be enjoined and prevented from collecting from H. S. Wells & Co. on said orders or transfers, and the acceptance thereof, a sum equal in amount to the claim of the plaintiff herein, and his costs of suit, and for further relief.

The referee found the following as conclusions of law, to wit : *First.* That the plaintiff has no lien in law or equity upon the reserved twenty per cent held by H. S. Wells & Co. under the contract between them and the defendant Parkes, or Parkes & Dunham. *Second.* That the defendants Williams & Potter, by virtue of the arrangement made between them and Parkes, and the advances made thereunder and the accepted order dated 29th January, 1858, had a right to said twenty per cent superior to that of the plaintiff. *Third.* That the plaintiff was not entitled to maintain his action against the defendants, Williams & Potter, but as to them the complaint herein on the merits should be dismissed with costs.

*D. & T. McMahon,* for the appellant.

*F. W. Burke,* for the respondents.

*By the Court,* MULLIN, J.  Neither the Nassau Water Company, nor Henry S. Wells & Co. ever entered into any agreement with the plaintiff or the firm of which he was a member, by which they bound themselves to pay to the plaintiff or his firm the moneys demanded in the complaint in this action, or any part thereof.

The right to relief, then, must rest on some lien which the law gives the plaintiff, by which the court is enabled to seize upon the fund in question and apply it in satisfaction and discharge of such lien.

By the contract between the Nassau Water Company and Henry S. Wells & Co. the former reserved 20 per cent from the moneys payable to the latter, for work done and materials furnished under said contract, which was forfeited if the party of the second part failed to perform their contract; and it was further provided that should the employment of other persons or other neglect to cancel all debts for services to laborers and others increase the cost of the work, such moneys (the 20 per cent) should be applied to or be indorsed on account of that additional cost.  It was further provided that none of the moneys received by the party of the second part should be applied to the payment of their debts or obligations until the laborers and men employed by them on this contract should have been paid whatever was owing them; and the parties of the first part might at any time require sufficient security that this obligation would be faithfully performed.

It was further provided in and by said contract, that if the parties of the second part should neglect or refuse to pay the laborers or mechanics or other persons employed by them, they obligated themselves to the party of the first part for any payment or costs which said party of the first part or the city of Brooklyn might have to pay, or from any payment or costs that they might be legally liable for by the laws of the state to the laborers or men employed, and which sums might be reserved from any moneys due to the party of the second part.

The contract between Welles & Co. and Parkes, and that

between Parkes and the firm of which the plaintiff was a member, contains substantially the same provisions; and by neither is any provision made that any sub-contractor shall have a lien on the moneys due or to become due to his principal.

The Nassau Water Company in their contract with Henry S. Wells & Co., and the latter with Parkes, and Parkes with the plaintiff and Judd, prudently provided that if they, the parties of the first part in each contract, should be made liable to pay the laborers employed by the parties of the second part, the moneys so paid might be deducted from the 20 per cent reserved by each contract.

But we are not referred to any law of the state making any person other than the employer responsible to laborers. And such liability, if it existed, would not depend on whether a fund was reserved, but would be an absolute liability for wages, without regard to the state of the accounts between the parties.

Such a liability is created by the general rail road act. But the liability in such cases is in favor of the employees and not of sub-contractors. In the absence of legislation or of express agreement, there is no liability of either of the parties of the first part in these contracts to the persons employed by the other. And it seems to me quite obvious that a provision made by such parties that they shall be entitled to retain in their own hands a part of the earnings, as a protection against such liability, gave to the persons employed no rights of action against such parties personally; nor any lien on the fund itself.

There is not a provision in the contract between Parkes and the plaintiff's firm which can be tortured into the creation of a lien in favor of the latter on the 20 per cent reserved in his contract with Henry S. Welles & Co. or any other party or person. How it is possible under such circumstances, to assert a lien, I am utterly unable to discover.

But again; before the plaintiff's work under his contract

with Parkes was completed, the latter had drawn his draft on this fund in favor of Williams & Co. and such draft had been accepted by Henry S. Wells & Co. in whose hands such fund was. This operated as a valid equitable assignment of the fund to Williams & Co. and entitled them to hold it as against the plaintiff and all other persons not having a prior or a better equity.

The plaintiff has never had an assignment of this fund, or an agreement to assign it. The 20 per cent reserved under his contract was in Parkes' hands, and Parkes alone was liable to pay it. The same per centage in the hands of Wells & Co. belonged to Parkes and was recoverable only by him, unless he assigned it to some other party or the law seized it for creditors and compelled its appropriation to them.

In no aspect of the case can I discover any ground on which can be based the relief sought in this case, and I think the judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Clerke* and *Mullin,* Justices.]