Krakauer v. Hardman.

# Marine Court.

### Trial Term—January, 1876.

## DAVID KRAKAUER *against* H. HARDMAN.

**Effect of accepting order for merchandise.** One Orvis drew an order on the defendant directing him "to let Nathan Hess have one style 2, 7⅓ octave piano on the drawer's lumber account." The defendant wrote across the face of the order these words: "The above piano is to be delivered in thirty days or less," and then subscribed his name. Hess, the payee, then wrote on the back of the order these words: "Please deliver the piano to D. Krakauer, and oblige Nathan Hess." The defendant refused to deliver the piano, and the plaintiff sued to recover $200 damages. *Held*, that the order was not a negotiable instrument; that the equities of the parties were open, and their rights required proof; that, as the drawer had no piano in the drawee's possession, the order could not operate as an equitable assignment of title; and that the mere production of the order, with proof of demand and refusal to deliver, did not establish a cause of action against the defendant. The mere retention of such an order does not amount to an acceptance.

Trial by the court without a jury.

McADAM, Ch. J.—The instrument sued upon is a common order drawn by Charles B. Orvis upon the defendant, in and by which the defendant is directed "to let Nathan Hess, or order, have one style 2, 7⅓ octave piano, on the drawer's lumber account." Hess, the payee, presented the order to the defendant, who wrote upon its face these words: "The above piano is to be delivered in thirty days

or less," and then subscribed his name.    Hess, the payee, then wrote upon the back of the order these words: "Please deliver the piano to D. Krakauer and oblige Nathan Hess," and D. Krakauer, upon the strength of this order bases his right to recover $200 as damages suffered by the subsequent refusal of the defendant to deliver the piano according to the defendant's acceptance.

The evidence fails to show any "lumber account" owing by the drawee to the drawer, or any account which warranted the order in question.    It fails to show that the defendant held any piano which belonged to the drawer or over which he had any right of direction or control. It fails to show that the drawer had any legal claim against the drawee for a piano which he could have enforced if he had not given the order.    If the drawer had no legal claim against the defendant, let us ascertain whether the order, after it was accepted by the defendant, gave the payee and his transferee a right of action when the drawer had none.    In the first place, the order is not what is known as a negotiable instrument. It is certainly not a bill of exchange within the meaning of the term as established by the law merchant (Cook *v.* Satterlee, 6 *Cow.* 108; Atkinson *v.* Marks, 1 *Id.* 691; Lent *v.* Hodgman, 15 *Barb.* 274; *Story on Promissory Notes* § 17; 7 *Johns.* 321; *Edwards on Bills*, 2 ed. 138); and is not therefore to be construed according to the rules peculiar to negotiable instruments.

It is not, technically speaking, a tri-partite agreement between the drawer, drawee and payee.    No one agrees to sell or buy anything, or pay anything.    No price is fixed, nor terms of sale or delivery mentioned, except the words "to be delivered within thirty days or less."

The payee paid nothing to the defendant, and it does not appear that he altered his position financially by anything the defendant said or did, so that the doctrine of equitable estoppel does not enter into the case. So far as the evidence discloses, the order, as between the drawer, drawee

and payee was without consideration, and the plaintiff, as its transferee or assignee, succeeded to the ownership of a writing which lacks the elements essential to its validity.

Ford *v.* Adams (2 *Barb.* 349), was an action on a somewhat similar order, and the court held that no recovery could be had against the acceptor thereon.

Briggs *v.* Sizer (30 *N. Y.* 347) was an action against the defendant to charge him as the acceptor of an order requesting him to deliver to the plaintiff five hundred pounds of carrot seed, and the court of appeals placed its decision for the defendant on the ground that there was no proper acceptance of the order; that, as the instrument was not negotiable, its mere retention did not amount to an acceptance; so that the point decided does not touch the question presented in this case.

Leux *v.* Jansen (18 *How. Pr.* 265), was an action where a recovery by a transferee of an order for merchandise against the drawer was sustained, and is an authority in this case, only so far as it decides that an acceptance put on the back of an order similar in form to that indorsed upon the one in suit by Hess, the payee, operated as an equitable assignment of the payee's rights, and substituted the transferee to the rights and remedies of the payee, whatever those may be.

As Hess, the payee of the order in suit, upon the principles stated, acquired no cause of action against the defendant by the acceptance, none was created by the transfer to the plaintiff, who occupies no better position.

How far the doctrine of equitable estoppel might have assisted the plaintiff need not be considered, for there is no proof making it applicable to this case.

The proofs bring it within Lord *v.* Adams (*supra*), and the defendant is entitled to a judgment.

Affirmed on appeal.

### Acceptance of Bills.

Acceptance must be in writing (3 *R. S.* 6 ed. 1160, § 6). An unconditional promise in writing to accept a bill before it is drawn is

deemed an actual acceptance (*Id.* § 8 ; 1 *City Ct. R.* 415). If the drawee destroys the bill or refuses to return it within twenty-four hours he is deemed to have accepted it (3 *R. S.* 6 ed. § 11). The holder of an order for personal property may require the acceptance of the order (Briggs *v.* Sizer, 30 *N. Y.* 652), although it is usually satisfied by the delivery of the property, and the possession of such an order by the drawee, unexplained, is evidence that it has been satisfied (*Ib.*)..

### Order Operating as Equitable Assignment.

That order may operate as an equitable assignment see Lowrey *v.* Stewart, 25 *N. Y.* 239 ; Parker *v.* City of Syracuse, 31 *N. Y.* 376 ; Wells *v.* Williams, 39 *Barb.* 567 ; Morton *v*, Taylor, 1 *Hill* 583 ; Munger *v.* Shannon, 61 *N. Y.* 251 ; Gallagher *v.* Nichols, 60 *Id.* 438; Dannat *v.* Comptroller, 77 *Id.* 45 ; and seen notes to section 1910 of Bliss' Code.

### Must be Drawn on a Particular Fund.

To operate as an equitable assignment the order must be drawn on a particular fund (Attorney General *v.* Continental Life Ins. Co., 71 *N. Y.* 325. See also 57 *Id.* 459).

### Order for Goods.

An order requesting the drawee to deliver goods to a specified amount does not operate as an equitable assignment of the debt owing by the drawee to the drawer (Reid *v.* Pryor, 20 *Alb. Law. J.* 53).