### MANHEIMER *v.* LEVY.

(*City Court of New York, Special Term.* December 18, 1888.)

ASSIGNMENT—OF NON-NEGOTIABLE NOTE—INDORSEMENT AND DELIVERY.

    An allegation in a complaint by the assignee of a non-negotiable note that the payee indorsed and delivered the note to plaintiff, is a sufficient averment of a transfer of title to the note, as a chose in action is transferable by delivery without any formal assignment.

On demurrer to complaint in an action by Samuel Manheimer against Louis Levy on a non-negotiable note.

*David Tim*, for plaintiff. *Julius Levy*, for defendant.

EHRLICH, J. The note sued on is non-negotiable, and the question is whether, in an action brought by a stranger to the note, an allegation that

the payee indorsed and delivered the note, etc., is a sufficient averment of transfer of title to the person to whom the delivery was made. The title to a non-negotiable instrument will pass by delivery, and without indorsement, (*Loftus* v. *Clark*, 1 Hilt. 310,) and without any formal assignment, (*Hastings* v. *McKinley*, 1 E. D. Smith, 273.) The indorsement of a non-negotiable instrument is a good equitable assignment. *Lenx* v. *Jansen*, 18 How. Pr. 265. The court of appeals has held that an allegation that a non-negotiable instrument was indorsed and delivered was sufficient to admit evidence that the note was duly assigned by the payee. *Brown* v. *Richardson*, 20 N. Y. 472. The obligation is at most a mere chose in action, and title thereto passes by delivery, if such was the intention of the parties, and the complaint sufficiently alleges a valid transfer under the authorities. The motion for judgment on the demurrer was properly granted, and the motion for a reargument must be denied.