## In re OLIVER.

### (District Court, N. D. Texas. July 18, 1904.)

### No. 491.

1. BANKRUPTCY—LIENS—EQUITABLE ASSIGNMENT OF FUND.

A bankrupt drew two drafts on his agent having charge of the collection of rents from his lands, each containing the words, "Value received, and charge to account of rents for 1903." The drafts were payable to a bank on November 1, 1903, and were discounted by the bank after having been accepted by the payee. The bankruptcy occurred before their maturity, and the rents came into the hands of the trustee. *Held*, that the drafts operated as an equitable assignment of the rents pro tanto, and constituted a lien on the fund in the hands of the trustee.

In Bankruptcy. On certificate from referee.

Rod Oliver was duly adjudged bankrupt September 22, 1903. In the preceding May he traded two certain bills of exchange or drafts to the Groesbeeck National Bank of Groesbeeck, Tex. These drafts were for $1,500 and $1,000, respectively, and were drawn by Rod Oliver on one Joe Peeples. They were made payable to the order of the Groesbeeck National Bank on November 1st after date, May 13, 1903, and before being received by the bank were duly accepted by the drawee, the acceptance being noted on the drafts. Peeples was the agent of Oliver to collect rents from the tenants of his farm lands, and it was understood between all the parties at the time of the transaction that the drafts, when due, were to be paid out of the rents that would come into the hands of Peeples as such agent during the fall of 1903. "Value received and charge to account of rents for 1903," was noted in the face of each draft. Oliver received a credit with the bank for the face value of the two drafts. Thereafter the Groesbeeck National Bank, becoming insolvent, was placed in the hands of a receiver. Thomas M. Thornton, as such receiver,

now holds the draft for $1,500. The Groesbeeck National Bank, before maturity, and for value, transferred and indorsed the draft for $1,000 to the Hanover National Bank of New York City, and that bank is now its owner and holder. Thornton, as receiver, duly filed with the referee his proof of claim based upon the draft for $1,500, alleging its payment to be secured by a lien on all the rents for the year 1903 arising from the farm lands of the bankrupt. He filed a like claim with respect to the draft for $1,000 on which the Groesbeeck National Bank was indorser. Peeples collected rents, which were, in the course of administration, reduced to the possession of the trustee of the bankruptcy estate, and he now holds a fund resulting therefrom more than sufficient to pay the drafts. The referee, after hearing on issue made between Thornton, receiver, and the trustee, refused the application of the former to have his claims for $2,500 paid in full from this fund, and allowed them simply as unsecured claims against the bankrupt's estate. It is of the referee's action in this behalf that a review is sought.

Etheridge & Baker, for claimant.
Hall, Flippen & McCormick, for trustee.

MEEK, District Judge (after stating the facts as above). The right of Thornton, the receiver, to have his claims based upon the two drafts paid in full from the fund in the hands of the trustee depends upon whether or not there was an equitable assignment pro tanto of the rent money to come into the hands of Peeples. The authorities are quite uniform to the effect that a bill of exchange or draft drawn against a specified fund and accepted by the drawee constitutes an equitable assignment pro tanto of the fund. Mandeville v. Welch, 18 U. S. 227, 5 L. Ed. 87; Buckner v. Sayre, 18 B. Mon. 745; Wells v. Williams, 39 Barb. 567; Yeates v. Groves, 1 Ves. Jr. 280; Tatlock v. Harris, 3 T. R. 174; Nesmith v. Drum, 8 Watts & S. 9, 42 Am. Dec. 260. The fact that the fund out of which the drafts were to be paid had not come into existence at the time they were given does not affect the validity of the assignment. Bourne v. Cabot, 3 Metc. (Mass.) 305; East Lewisburg L. & M. Co. v. Marsh et al., 91 Pa. 96. In the latter case it is said:

"Equity will support assignments of contingent interests and expectancies—things which have no present actual existence, but rest in mere possibility; not, indeed, as a present positive transfer operative in præsenti, for that can only be of a thing in esse, but as a present contract to take effect and attach as soon as the thing comes in esse."

Peeples was Oliver's agent employed under an annual contract at a stipulated wage to collect rents from tenants of Oliver's farm lands. It is contended that the fund to be realized against which the drafts were drawn never passed from the control of Oliver; that he could discharge Peeples, and thereby prevent him from collecting or handling this fund. When these drafts were drawn against a specified fund, and were accepted by the drawee, and sold to the bank, it was contemplated by the parties that the rents for 1903 would come into the hands of the drawee. By the authority of the owner he bound himself absolutely and irrevocably to pay out of the moneys collected. The arrangement between the parties imposed the legal duty on him to pay the fund pro tanto directly to the owner and holder of the drafts, without the further intervention of Oliver, who was originally entitled to it. This legal duty

establishes the character of the transaction as an equitable assignment. Trist v. Child, 21 Wall. 441, 22 L. Ed. 623; Lanigan's Adm'r v. Bradley & Currier Co., 50 N. J. Eq. 201, 24 Atl. 505. Oliver had no right to demand any part of the rents until Peeples had received sufficient to satisfy his liability on the drafts. To have done so would have been a breach of faith with Peeples ·and the bank. East Lewisburg L. & M. Co. v. Marsh et al., supra.

It follows that Thornton, in his capacity as receiver, is entitled to the fund to the extent of the two claims now under discussion, and the order entered by the referee effecting a different result will be set aside, and he will proceed according to the views herein expressed. The costs of this certificate will be taxed against the trustee.