J. R. TYSEN & CO., APPELLANTS, VS. W. M. SOM-
ERVILLE, APPELLEE.

### NOVATION OF CLAIM.

1. The law is well settled that where A owes B, and C owes A, and
   C agrees with A to pay the debt that A owes to B, and that
   thereupon C's indebtedness to A shall be extinguished and dis-
   charged, that in such a case B can not sue and recover his
   claim against A out of C upon the latter's promise to A to pay
   it, *unless B has extinguished his claim against A in whole or in
   part, and agreed to accept C as his debtor instead of A.* In such
   a case, in the absence of *assent* on the part of B, and his release
   of A, there is no privity of contract as between B and C, that
   will support an action by B against C upon the latter's promise
   made to A. The novation can exist only by the mutual con-
   sent and agreement of all the interested parties.

2. When the dissolution of an old firm of partners occur, and a new
   firm, taking its place, agrees to assume the liabilities of the
   old, but slight circumstances are required to justify finding an
   *intention* on the part of the creditor of the old firm, who has
   notice of such dissolution and assumption of liability to accept
   the liability of the new firm instead of the old.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the
Court.

*H. H. Buckman*, for Appellants.

William M. Somerville sued appellants in assumpsit
for alleged labor and services performed to the previous
firm, alleging the new firm was liable to pay the debt
because the members of the new and old firm covenanted
between themselves to pay all debts due by the old
firm. Appellant demurred, but the demurrer was
overruled. Appellant then pleaded never indebted and
non assumpsit.

Appellee alleged claim consisted by his bill of particulars of four separate transactions, amounting in the total to $327.50 and interest. On the trial the jury found a verdict for $100. This verdict and judgment rendered thereon appellants seek to set aside for the errors assigned:

1st. That the court erred in overruling the demurrer of appellants to plaintiff's declaration, filed Feb'y 3rd, 1890.

2nd. The court erred in permitting in evidence certain papers, maps, etc., purporting to be plans of certain steamship and in permitting plaintiff's testimony in regard thereto. See page 28 of record.

3rd. The court erred in giving charges 2, 3 and 4 asked for by plaintiff.

4th. The court erred in rendering judgment for plaintiff.

5th. The court erred in overruling appellant's motion for a new trial.

The demurrer to the declaration should have been sustained; there was no privity between the old firm of Tysen, Smith & Co. and the new one of J. R. Tysen & Co., nor can we see without some direct allegation that the new firm acknowledged this particular debt and promised to pay it to the plaintiff; how it would be sustained, the language used is not sufficient. A contract of novation, which is here sought to be set up can only exist where it is shown all parties agreed; appellants must have had this special claim brought to their attention and agreed to pay it, and plaintiff must have agreed to accept the new debtors. Parsons on Contracts, Vol. 1, page 216. Hyer vs. Vaughn, 18 Fla., 647.

2nd. The court never should have permitted the tracing and drawings or specifications of the steam-

ship in evidence, or the witness Somerville's testimony in regard thereto; this testimony clearly showed that such work was done for the Jacksonville & Nassau Steamship Company, a corporation, and not for either Tysen, Smith & Co. or appellants. See record testimony of plaintiff on the direct.

3rd. The court erred in giving plaintiff's charges. Charges two and three were not applicable, as the whole testimony showed no services had been performed for or at the request of appellants, nor for their benefit. Charge four given for plaintiff was error. This was clearly not the law, without the further charge that defendant agreed and promised to pay and plaintiff accepted the new debtor. Parsons on Contracts, Vol. 1, p. 216; Hyer vs. Vaughn, 18 Fla., 647.

4th. The court erred in rendering judgment for plaintiff and in refusing the motion for a new trial.

The only witnesses introduced by plaintiff were himself and Charles B. Smith, late member of the old firm of Tysen, Smith & Co. This old firm had been composed of Charles B. Smith, Jacob R. Tysen, Samuel Barton, of New York, and George W. Frazier. The new firm which succeeded to its business under the name of J. R. Tysen & Co. was composed solely of Jacob R. Tysen and Samuel Barton. Plaintiff's own testimony was to the effect, that at the request of Mr. Charles B. Smith of the old firm, he had done all the work for which he had charged; he had never talked with any other member of the firm or been directed by them. With relation to the item for $150 for plans and specifications he clearly showed appellants, nor the old firm had any connection.

To substantiate his testimony he calls Mr. C. B. Smith, who, instead of substantiating him, states positively he never ordered or directed such work, never

knew of it, nor was it done for his firm; that neither he nor his firm ever had any dealings with plaintiff; that the steamship item was for the steamship company with which his firm had no connection, and that all plaintiff ever did was gratuitous on his part in order to get the berth of Captain, and that he (witness) never heard anything about this claim or about any work in connection with it, nor was his firm ever made aware of anything of the kind, or that they were indebted for anything to plaintiff, until he was subpœnaed here as a witness. If ever a plaintiff's case was completely refuted it was here done by his own witness. The plaintiff here rested his case.

And the defendants, appellants, called as a witness in their behalf, Jacob R. Tysen, who testified in substance to exactly what his late partner, who had been introduced as a witness for the plaintiff. The witness positively denied that he had ever heard of such a claim, or knew of any such work being performed or directed or requested at any time, and that his first intimation of anything in regard thereto was when this suit was instituted, and denied all indebtedness.

This was the whole testimony in the case. The evidence itself—the weight of the evidence—was all against the plaintiff. The onus was upon him to prove the claim; he had only his own oath to do it by and he failed completely, yet the jury went out and brought in a verdict, ascertaining it only by some means known to themselves, for the plaintiff in the sum of $100 damages. Leaving out of consideration the fact that the verdict was not authorized in any manner by the evidence, how they arrived at that amount was a mystery. If the plaintiff was entitled to anything on that testimony he was entitled to every item in the account as charged, except the two last items, one for $100 and

one for $50, and if he is entitled to a verdict, the jury should have brought in a verdict covering the first four items of the account, amounting in the total to $187.50 with interest.

We respectfully submit that the jury were governed by prejudice or some other gross motive in finding this verdict from the facts of the testimony; that the verdict should have been for the defendants, appellants here, and that the court erred in rendering the judgment for the plaintiff and refusing to grant the motion for a new trial as asked.

We, therefore, submit the matter to the court that the judgment in this case should be reversed for the errors assigned.

*R. B. Archibald*, for Appellee.

This is an action brought by Wm. M. Somerville against the appellants, Tysen & Co., for the work and labor performed by Somerville for the firm of Tysen, Smith & Co., the predecessors of Tysen & Co., in business, the latter firm having undertaken in writing (not under seal) to pay the debts and liabilities of Tysen, Smith & Co., as was admitted at the trial. The defendants demurred to the declaration, holding that notwithstanding such agreement no legal liability was raised requiring said defendants to pay Somerville for services rendered Tysen, Smith & Co.

Upon a hearing on the demurrer, it was overruled, and we think very properly so upon the authority of Hunter vs. Wilson, Stearly & Co., 21 Fla. 250, and cases cited therein, all of which hold that, "It is now the prevailing rule in this country that a party may maintain assumpsit on a promise, not under seal, made to another for his benefit."

The claim of the plaintiff Somerville, if good against Tysen, Smith & Co., certainly came under this rule, the defendants having admitted in open court at the trial that they had undertaken in writing (not under seal) to pay the legal liabilities of Tysen, Smith & Co.

This is, we think, about the only legal question involved in this case, the charges of the court being simply the repetition of fundamental principles of law.

The case rested mainly upon the evidence, and if the verdict should have been for the party having the greatest number of witnesses then doubtless the verdict was wrong, because there were two witnesses for the defendants, and only one for the plaintiff.

But this court has long since settled the point, by holding that if there is any evidence to support a verdict, it will not be set aside, although to the court, the weight of evidence seems to be the other way.

In this case, however, we do not admit that the weight of evidence is against the verdict.

A long time had elapsed since the work performed by the plaintiff was done. The defendant's witnesses had nothing but their memories to depend upon, it is not to be supposed that they would remember so long matters comparatively unimportant.

On the other hand Capt. Somerville testified that it had been his habit for many years to make a daily memorandum of what he had done, and on the witness stand he testified from memory, refreshed by reference to his memorandum book.

Besides this he spread before the jury a map or plan of the ship proposed to be built for the Nassau trade, drawn, as he positively testified, at the request of Smith, of the firm of Tysen, Smith & Co.

An attempt was made to show that the work, if done at all, was done for a corporation, and not for Tysen,

Smith & Co., but this evidence shows that Somerville understood that said firm was the party for whom he was working, and no other.

The evidence does not show that any corporation was mentioned at the time Smith requested that the work be done; or that Somerville at that time knew of the existence of such corporation. On the other hand, it is shown that Tysen, Smith & Co. had built and run steamers so that Capt. Somerville had reason to believe, (in the absence of information to the contrary,) that said firm had in contemplation the building of another, and hence prepared him to prepare plans for its construction.

TAYLOR, J.:

W. M. Somerville, the appellee, sued the appellants, J. R. Tysen and Samuel Barton, partners under the firm name of J. R. Tysen & Co., in an action of assumpsit in the Circuit Court of Duval county, and recovered judgment for one hundred dollars, from which J. R. Tysen & Co. appeal.

The declaration alleges that on the first day of January, 1888, a certain firm, composed of J. R. Tysen, C. B. Smith and Samuel Barton, doing business in Duval county under the firm name of Tysen, Smith & Co., was indebted to the plaintiff in the sum of five hundred dollars for labor and services of the plaintiff by him before that time done and bestowed for the said firm of Tysen, Smith & Co. at their request, and for money paid by plaintiff for said firm at their request; and being so indebted the said firm of Tysen, Smith & Co., in consideration thereof then and there promised to pay him the said sum of money on request,

yet, though requested, the said firm of Tysen, Smith & Co. has never paid the same. That afterwards the defendants, J. R. Tysen and Samuel Barton, partners under the firm name of J. R. Tysen & Co., bought out the said business of the firm· of Tysen, Smith & Co., and as part of the consideration therefor undertook and agreed in writing (but not under seal) with the retiring partner of said firm of Tysen, Smith & Co. to pay the plaintiff the said sum of five hundred dollars due him; and then and there, to-wit: on the first day of January, A. D. 1889, the defendants J. R. Tysen & Co. became liable and promised to pay the plaintiff the said sum of money on request; and the said defendants, although requested, have failed and refused, and still refuse, to pay the same, to the plaintiff's damage of five hundred dollars, and thereupon he brings suit, etc. To this declaration the defendants demurred on the ground that no privity between the plaintiff and defendants was shown to exist, and because the declaration did not set up any cause of action against the defendants. This demurrer was overruled, and the ruling thereon is assigned as error.

The court below did not err in overruling this demurrer. The law is well settled that where A owes B, and C owes A, and C agrees with A to pay the debt that A owes to B, and that thereupon C's indebtedness to A shall be extinguished and discharged, that, in such a case B can not sue and recover his claim against A out of C upon the promise made by the latter to A to pay it, *unless B has extinguished his claim against A, in whole or in part, and agreed to accept C as his debtor instead of A.* In the absence of assent on the part of B and his release of A, there is no privity of contract as between B and C that will support an ac-

tion by B against C upon the latter's promise to A.    1
Parsons on Contracts (7th ed.), p. 244 *et seq.* and cita-
tions; Murphy vs. Hanrahan, 50 Wis. 485; Trimble vs.
Strother, 25 Ohio St. 378; Kountz vs. Holthouse, 85
Pa. St. 235; Bilborough vs. Holmes, L. R. 5 Ch. Div.
255; Butterfield vs. Hartshorn, 7 N. H. 345, S. C. 26
Am. Dec. 741; Ford vs. Adams, 2 Barb. 349.    The no-
vation can exist only by the mutual consent and agree-
ment of all the interested parties.

The institution of this suit by the plaintiff, expressly
claiming a recovery from the new firm of J. R. Tysen
& Co. by virtue of their alleged promise, for a valuable
consideration to the old firm of Tysen, Smith & Co., to
pay all of the old firm's debts, is, of itself, tantamount to
an *assent* by him to the novation provided for, and, of
itself, is equivalent to a *release* and cancellation of his
claim against the old firm of Tysen, Smith & Co.; and
were he hereafter to attempt to enforce the same claim
against the old firm of Tysen, Smith & Co., the fact of
his institution of this suit against the new firm upon
their promise to pay the debts of the old firm would
operate as an estoppel in bar of recovery. The declara-
tion alleges further, in connection with the asserted
promise of the new firm to pay the old firm's debts,
that the plaintiff had requested of the new firm a com-
pliance with their said promise, but they had failed
and refused to do so.    This alleged *demand* by the
plaintiff is tantamount to an acceptance by him of the
new firm as his debtors instead of the old, and, conse-
quently, taken in connection with his suit upon the
promise of the new firm, amounted to a *release* of his
claim against the old firm.    When the dissolution of
an old firm occurs and a new firm agrees to assume the
liabilities of the old, but slight circumstances are re-
quired to justify finding an *intention* on the part of a

creditor of the old firm, who has notice of the dissolution and agreement, to accept the liability of the new instead of the old firm. Regester vs. Dodge, 19 Blatch. 79, S. C. 61 How. Pr. 107. We think the *demand* alleged here on the new firm, and the institution of suit against it on its promise, is sufficient to show an intention on the plaintiff's part to accept the new firm as his debtors, and to discharge the old. For these reasons we think the plaintiff's declaration exhibited in him the right to sue upon the alleged promise of the new firm to pay his debt among the other debts of the old firm, and the court's ruling upon the demurrer to such declaration was proper.

There was no error in the admission in evidence of the drawings, plans and specifications for a steamboat. The making of such drawings, plans, etc., for the defendants at their request, comprised one of the items of the plaintiff's account sued on; the exhibit of such drawings, plans, etc., to the jury was proper for the determination by them of the *quantum meruit* of that item of work done by the plaintiff for the defendants.

Without quoting the instructions excepted to, it is sufficient for us to say that we have considered them all, and find no error therein. While the testimony in the cause is such that we might possibly have arrived at a different verdict from the one found, had we been members of the jury, yet there is evidence to sustain the verdict found, and we, consequently, can not disturb it.

We find no error in the record, and the judgment of the court below is therefore affirmed.