HARGADINE MCKITTRICK DRY GOODS COMPANY, A COR-
PORATION, *Plaintiff in Error*, v. C. C. GOODMAN,
*Defendant in Error.*

NOVATION DISTINGUISHED FROM COLLATERAL OBLIGATION—COL-
LATERAL OBLIGATION DOES NOT RELEASE PRINCIPAL DEBTOR.

1. Novation takes place by agreement of all the parties concerned,
and, therefore, depends entirely upon the intention of the
parties. It is matter of proof, and not matter of law. When A.
undertakes to pay B's debt, the obligation assumed may be
collateral, to B's obligation rather than substituted therefor. If
intended as collateral, B's debt continues to exist, and this serves
to distinguish such a case from one of novation, in which B's
debt would be extinguished.

2. A collateral obligation may be validly assumed by one party.
to pay the debt of another party and may be enforced without
effecting a discharge of the original obligor.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia
County.

The facts in the case are stated in the opinion of the
court.

*Maxwell & Reeves,* for plaintiff in error;

*Blount & Blount & Carter,* for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below
sued the defendant in error in the circuit court of Escam-
bia county in an action of assumpsit, the declaration be-
ing as follows: "The plaintiff sues the defendant for
money payable by the defendant to the plaintiff for goods,
wares and merchandise sold and delivered by the plaintiff
to a late co-partnership known as Gray & Goodman and
composed of the defendant and one Paul Gray, who died

prior to the institution of this suit; and the plaintiff claims $4,000.00."

To this declaration the defendant filed the following plea: "That after the accrual of the said alleged indebtedness by the said Gray & Goodman to the plaintiff, the said Paul Gray, one J. R. Brown and one J. D. Lamar formed a co-partnership under the name of Gray & Company, and and the said Paul Gray and the defendant sold to the said Gray & Company the stock and business theretofore belonging to and conducted by the said Gray & Goodman, and the said Gray & Goodman agreed, as a consideration of such purchase, that it, the said Gray & Company, would assume and pay the debts of the said firm of Gray & Goodman including the debts sued upon in the declaration, and the said firm of Gray & Company notified the plaintiff of the said sale and of the said assumption of said debts, and plaintiff in consideration of the said assumption. agreed to release, and did release this said defendant from liability for said debts and thereafter sued in the circuit court of Escambia county, Fla., the said Gray, Brown and Lamar upon the said assumption; and thereafter the said Gray, Brown and Lamar having been adjudged bankrupts by the district court of the United States for the northern judicial district of Florida, plaintiff. filed, as due to it, by the said bankrupts in the said bankrupt court and in said proceedings, a claim for the indebtedness due it by Gray & Company, and included in said claim the alleged indebtedness sued on in the declaration herein, and received from the said court, as a dividend apportioned to said indebtedness, a large sum of money."

To this plea the plaintiff filed the following replications:

"The plaintiff, for replications to the plea of defendant C. C. Goodman filed herein, says:

I:

That it is not true that the plaintiff, in consideration of the assumption of the indebtedness of the said Gray & Goodman by the said Gray, Brown and Lamar, in accepting said assumption of liability, released or agreed to release the said Gray and Goodman from liability for said debt.

2:

That it is not true that the plaintiff, in consideration of the assumption of the indebtedness of the said Gray and Goodman, by the said Gray, Brown and Lamar, in accepting said assumption of liability, released or agreed to release the said Gray & Goodman from liability for said debt, but on the contrary accepted the said assumption or liability by the said Gray, Brown and Lamar as an additional or further security for said indebtedness.

3:

And it is not true that the plaintiff, in consideration of the assumption of the indebtedness of the said Gray and Goodman, by the said Paul Gray, J. R. Brown and J. D. Lamar, co-partners as Gray & Company in accepting said assumption of liability, released or agreed to release the said Gray & Goodman from liability for said debt.

That the plaintiff is and from its organization has been a corporation organized under the laws of the state of Missouri with its principal place of business at St. Louis in that state. That the indebtedness herein sued upon was payable at that place by the said Gray and Goodman and Rader and the offers of assumption of indebtedness or liability by the said Paul Gray and C. C. Goodman, co-partners as Gray & Goodman, and by Paul Gray, J. R. Brown and J. D. Lamar, co-partners as Gray

& Company, were made to it at that place and accepted by it at that place and that by the laws of Missouri such assumption of indebtedness or liability by the said respective co-partnerships and acceptance thereof by plaintiff did not operate as a novation or a discharge of the liability of the said original parties to i. e. Paul Gray, C. C. Goodman and I. N. Rader, or his estate or of Paul Gray and C. C. Goodman, co-partners as Gray and Goodman.

4:

That it is not true that the plaintiff, in consideration of the assumption of the indebtedness of said Gray & Goodman by the said Paul Gray, J. R. Brown and J. D. Lamar, co-partners as Gray and Company in accepting said assumption of liability, released or agreed to release the said Gray and Goodman from liability for said debt, but on the contrary accepted the said assumption of liability by the said Gray, Brown and Lamar, co-partners as Gray & Goodman, as an additional or further security for said indebtedness.

That the plaintiff is and from its organization has been a corporation organized under the laws of the state of Missouri with its principal place of business at St. Louis in that state. That the indebtedness herein sued upon was payable at that place by the said Gray, Goodman & Rader and the offers of assumption of indebtedness or liability by the said Paul Gray and C. C. Goodman, co-partners as Gray & Company, were made to it at that place and accepted by it at that place and that by the laws of the state of Missouri such assumption of indebtedness or liability by the said respective co-partnerships and acceptance thereof by plaintiff did not operate as a novation or as a discharge of the liability of the said original parties to i. e. Paul Gray, C. C. Goodman and

I. N. Rader or his estate or of Paul Gray and C. C. Goodman, co-partners as Gray & Goodman."

To these replications the defendant filed the following demurrer: "The defendant demurs to the first replication to his plea filed November 30th, 1906, and for cause of demurrer says:

1. That the allegations of the said replication are conclusions of law and not averments of facts.

2. That if the said allegations were intended as averments of fact, they take issue upon immaterial allegations of the plea.

3. That the alleged fact that the plaintiff did not release or agree to release Gray & Goodman for liability for the indebtedness sued on is no answer to the defense set up in the plea.

The defendant demurs to the second replication to his plea filed on November 30th, 1906, and for cause of demurrer says:

1. That the allegations of the said replication are conclusions of law and not averments of fact.

2. That if the said allegations were intended as averments of fact, they take issue upon immaterial allegations of the plea.

3. That the alleged fact that the plaintiff did not release or agree to release Gray & Goodman for liability for the indebtedness sued on is no answer to the defense set up in the plea.

The defendant demurs to the third replication to his plea filed on November 30th, 1906, and for cause of demurrer says:

1. That the allegations of the said replication are conclusions of law and not averments of fact.

2. That if the said allegations were intended as averments of fact, they take issue upon immaterial allegations of the plea.

3. That the alleged fact that the plaintiff did not release or agree to release Gray & Goodman for liability for the indebtedness sued on is no answer to the defense set up in the plea.

4. That the alleged fact that the place of organization and doing business of the corporation, the place in which the indebtedness should be paid and the offers of payment of indebtedness or liability set forth in the replication was in Missouri, does not, either in itself, or in connection with the remainder of the replication, constitute any reply to the plea of the defendant.

The defendant demurs to the fourth replication to his plea filed November 30th, 1906, and for cause of demurrer says:

1. That the allegations of the said replication are conclusions of law and not averments of fact.

2. That if the said allegations were intended as averments of fact, they take issue upon immaterial allegations of the plea.

3. That the alleged fact that the plaintiff did not release or agree to release Gray & Goodman for liability for the indebtedness sued on is no answer to the defense set up in the plea.

4. That the alleged fact that the place of organization and doing business of the corporation, the place in which the indebtedness should be paid and the offers of payment of indebtedness or liability set forth in the replication were in Missouri, does not, either in itself, or in connection with the remainder of the replication, constitute any reply to the plea of the defendant."

This demurrer to each and every of said replications was sustained by the court, and the plaintiff was given time to plead over as it might be advised. The plaintiff declining to plead over judgment final was entered in

favor of the defendant, and for review of this judgment the plaintiff brings the case here by writ of error.

The sustaining of the defendant's demurrer to the replications of the plaintiff, and the rendition of the final judgment in favor of the defendant are assigned in error. Both the counsel for the plaintiff in error and for the defendant in error seem to be of the impression that the case of Tysen v. Somerville, 35 Fla. 219, 17 South. Rep. 567, is decisive of the question presented by this assignment of error. The plaintiff in error combats the rule announced in this case, contending that in so far as the utterances therein contained are in conflict with the position it assumes in this case they are *obiter* and not binding upon the court.

The decision in that case is not at all decisive of the question presented by the pleadings and facts of the present case. In that case the plaintiff creditor did not seek to enforce his demand against the retired member of the original firm of debtors as in the present case, but, alleging an assumption of the indebtedness claimed by a new firm, who bought out the assets of the old firm, brought his suit against such new firm to enforce its substituted promise. In that case the suit was upon a novation purely, and the rule there announced applies strictly to cases of novation.

In the present case the suit is by the original creditor against the retired member of the original firm of debtors. In his plea this defendant sets up his withdrawal from the old firm, the formation of the new firm who purchased the assets of the old, and who, as part of the purchase price, agreed to assume liability for and pay all the debts of the old firm and to release him from further liability thereon, and that the plaintiff had notice of all this and assented and agreed thereto and agreed to release and did release him from further liability on such claim, and

that in pursuance of such agreement the plaintiff sued the new firm for such claim, and upon its bankruptcy filed and proved its claim in the bankruptcy proceedings and received from the assignee in bankruptcy of such new firm a large dividend as part payment of the claim sued for herein.

The replications of the plaintiff to this plea of the defendant, that were overthrown by the demurrers thereto of the defendant, expressly denied any assent upon its part to the novation of its claim as against the new firm, and expressly deny that it ever agreed to release or that it ever released the defendant as retired member of the old firm of original debtors, but, on the contrary, alleges that it was expressly agreed between all the parties to the transaction that the old firm and its members were not to be released, and that the assumption of liability for such indebtedness by the newly formed firm was to be as collateral or additional security only for the payment of such claim. No such issue was presented or raised in the case of Tysen v. Somerville, *supra,* but in that case the novation sought to be enforced was not contested or denied. Novation takes place by agreement of all the parties concerned, and, therefore, depends entirely upon the intention of the parties. It is matter of proof, and not matter of law. Where A undertakes to pay B's debt, the obligation assumed may be collateral to B's obligation rather than substituted therefor. If intended as collateral, B's debt, of course, continues to exist, and this serves to distinguish such a case from one of novation, in which B's debt would be extinguished. 21 Am. & Eng. Ency. Law (2nd ed.) p. 676. It was never the intention of the court in the case of Tysen v. Somerville, *supra,* to be understood as holding that an enforceable collateral obligation might not be assumed by one party to pay a debt due by a second party to a third party, without dis-

charging the obligation of the second party to the third party. That such collateral obligation may be validly assumed and enforced without effecting a discharge of the original obligor the authorities are abundant. Rayson v. Taylor, 30 Ohio St. 389, S. C. 27 Am. Rep. 464; Crawford v. Edwards, 33 Mich. 354; Union Stove & Mach. Works v. Caswell, 48 Kan. 689, 29 Pac. Rep. 1072, S. C. 16 L. R. A. 85; Wright v. Terry, 23 Fla. 160, 2 South. Rep. 6; Hunter v. Wilson, 21 Fla. 250.

The replications of the plaintiff to the plea of the defendant set up legitimate matter in avoidance of the defendant's plea, which, if sustained by proofs, would have entitled the plaintiff to a recovery, and the court below erred in sustaining the defendant's demurrer to such replication. If the proofs should show that there was no agreement that the obligation of the new firm should be only an additional or collateral security to the plaintiff, but that such new firm assumed such liability only in consideration of the release and discharge of the retired parner of the old firm, and that the plaintiff recognized and assented to this arrangement by suing the new firm and proving its claim with the assignee in bankruptcy of such new firm and receiving from such assignee a dividend payment on its claim, then in law it has released and discharged the defendant, and cannot recover of him.

The judgment of the circuit court in said cause is hereby reversed at the cost of the defendant in error, and the cause remanded with directions to overrule the demurrer of the defendant to the replications of the plaintiff, and for such further proceedings as may be in accordance with law.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL, JJ., concur in the opinion.