S. B. BURGE, *Appellant,* v. H. V. MAUND, *Appellee.*

Opinion Filed November 18, 1913.

1. In order to operate as a novation, a contract obligation made to take the place of a prior valid obligation, should be agreed to by all the interested parties and be valid and binding and should extinguish the former contract.

2. A mortgage executed by a married woman alone, does not discharge a mortgage obligation existing between other parties.

Appealed from Circuit Court, Calhoun County; W. H. Price, Judge.

Decree affirmed.

*Calhoun & Campbell,* for Appellant;

*J. Frank Adams* and *Smith & Davis,* for Appellee.

WHITFIELD, J.— Maund brought a bill in equity to enforce mortgage liens given by Burge to Maund. The defendant Burge answered that he had been discharged of liability or indebtedness to complainant in that complainant elected to release him from further liability and to take a note on one Susan Burge, the mother of defendant, and gave defendant a release and cancellation of the mortgages which was duly recorded, and that complainant by his agent took a note and mortgage on the property of the said Susan Burge, and has said note and mortgage in his possession, and in so doing has released defendant and has elected to look to Susan Burge for the payment of said amounts, and has thereby created a novation herein.

A replication was filed and testimony taken. There was a final decree for the complainant and the defendant appealed.

In order to operate as a novation, a contract obligation made to take the place of a prior valid obligation, should be agreed to by all the interested parties and be valid and binding and should extinguish the former contract. Tysen v. Somerville, 35 Fla. 219, 17 South. Rep. 567; Hargadine-McKittrick Dry Goods Co. v. Goodman, 55 Fla. 361, 45 South. Rep. 995; 29 Cyc. 1130.

Here the new contract was executed solely by a married woman who was stated to have been coerced and she was not joined by her husband, and there is evidence that the creditor did not authorize the cancellation of the original contract mortgages by one purporting to act as his agent in doing so. Under these circumstances there was no novation, and the findings of the chancellor are not shown to be materially erroneous. It is not claimed that the indebtedness was in fact paid. There is a manifest clerical error in the decree in designating the

county in which the publication shall be made of the contemplated sale of the property. This may be corrected by the chancellor in due course. The decree accords with the allegations and prayer of the bill of complaint which were not tested by demurrer or otherwise.

The decree appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.