PER CURIAM.
This appeal is by two of the defendants below from a judgment rendered against them for damages in the amount of $7,-589.98 plus certain interest from April 1, 1966.
In order to determine the question presented it is necessary to examine the factual background. The appellant Abjo, Inc. was engaged in the candy business, under the name of Laura Lee. The corporation was controlled by the appellant Abner Wolf, the owner of its stock. Abjo had a contract with the appellee Wright Brothers Paper Box Company to supply specially made boxes or containers in various sizes for use by Abjo in handling its candy products. Under their agreement, payment was to be due on the boxes prepared and held by Abjo for six months. By custom, that was departed from by the appellee billing Abjo on a monthly basis for such of the prepared boxes as were delivered to Abjo during the month.
On April 1, 1966, the unpaid cost price to Abjo of boxes theretofore prepared and still held by the appellee was $24,050. On or about that date the assets and candy business of Abjo were sold to a newly formed corporation, Laura Lee Candies, Inc., of which Jerome S. Nusbaum was the sole stockholder. A meeting was held between those corporations, which will here be designated as the seller and the purchaser, represented by Wolf and Nusbaum, and the local manager of the appellee box company, a man named Diamond. As a result of that meeting the time for payment of the boxes on hand was extended by the box company for one year to April 1, 1967, with an understanding that boxes delivered to the purchaser during that period would be billed to the purchaser at the end of each month, and that the balance of the account not thus taken up during the year would be payable on April 1, 1967. As a condition of making those concessions the box company demanded and received the personal guarantee of Wolf. That undertaking by Wolf was oral. Later, when asked to confirm it in writing, he refused to do so.
*52 By April 1, 1967, the amount of boxes received and paid for by the purchaser had reduced the $24,050 figure to less than $8,000. This action was brought by the box company for the collection of that balance. The suit was filed against the two above mentioned corporations and their stockholders Wolf and Nusbaum. The claim against Nusbaum was abandoned, and judgment was obtained against the seller and the purchaser corporations and against Wolf for the then unpaid balance of $7,589.98. The interest allowed was computed from April 1, 1966, rather than from the extended maturity date of April 1, 1967.
The appellant contends the court erred in rendering judgment against him in view of his established defense that the obligation he entered into to pay the debt of Abjo was not in writing, and was within the statute of frauds (§ 725.01 Fla.Stat., F.S.A.). The contention of the appellee that Wolf’s undertaking was direct and unconditional is refuted by the record, including the testimony of appellee’s representative Diamond which disclosed that Wolf’s oral agreement was to pay in the event the corporation or corporations indebted for payment of the balance failed to pay. Accordingly, the judgment against Wolf is reversed.
We affirm the judgment against Abjo, Inc. That appellant argued that the arrangement of April 1, 1966, amounted to a novation in the form of an agreement on the part of the appellee box company to substitute the purchaser corporation as the party obligated on the debt for the boxes which was due on April 1, 1966, and to relieve the seller corporation therefrom. No extended further discussion of the facts relating to the agreement appears necessary. On examination of the record, including a letter of confirmation written later by the purchaser, we conclude that it does not substantiate Abjo’s contention. Tysen v. Somerville, 35 Fla. 219, 17 So. 567, relied on by the appellant Abjo is not controlling, on the facts of this case.
The action of the box company in extending time for payment for the supplies it had on hand for one year to April 1, 1967, and consenting to deliver to the purchaser corporation and bill it monthly for such of the box material as it should requisition and use from time to time during the one year extension period, were not sufficient circumstances from which to imply an agreement by the box company to release the seller corporation from the obligation to pay the balance owing on the account as it should remain on April 1, 1967; and no express agreement was shown to substitute the purchaser as the debtor and release the seller.
The appellants contend, and correctly so, that the extension of the time of maturity of the obligation for one year to April 1, 1967, had the effect of causing the interest to run on the unpaid balance from that date, rather from the earlier date from which the trial court allowed interest in the judgment. For that reason, that portion of the judgment against Abjo which held that interest was payable from April 1, 1966, is reversed with direction on remand of the cause that interest be recomputed and included in the judgment from April 1, 1967.
Affirmed in part and reversed in part and remanded.