PER CURIAM.
This is an appeal by the plaintiff Arthus Bertrand, S.A. from an adverse final judgment entered in favor of the defendants, Susan Davis and Bessemer Trust Co. of Florida, as representatives of the Estate of Herbert H. Davis, after a non-jury trial in an action brought to collect payment on a contract for the casting and delivery of a gold miniature replica of the Statue of Liberty. We affirm.
The contract sued upon was entered into by the plaintiff Bertrand and the codefend-ants in this action, Mayrigon Corporation and Silversmiths Group International, Inc. doing business as “La Dame.” Subsequent to the contract, the codefendants entered into a written joint venture agreement with the defendant’s decedent, Davis, in which Davis agreed to supply the money to purchase the gold which La Dame was obligated to deliver to the plaintiff Bertrand under the La Dame-Bertrand contract so that the subject statue could be cast; in return, Davis was allowed to share in the profits from the sale of the statue.
Contrary to the plaintiffs argument, we agree with the trial court that the plaintiffs decedent Davis “neither individually nor by virtue of entering into the joint venture with La Dame, assumed any obligations La Dame ... Mayrigon or Silversmiths had to Bertrand.” Indeed, La Dame was already obligated to purchase the statue from Bertrand by virtue of the preexisting La Dame-Bertrand agreement; the La Dame-Davis joint venture agreement was concerned with financing this purchase and thereafter selling the statue. Moreover, there is no express provision in the joint venture agreement which assumed in any way La Dame’s obligations under the La Dame-Bertrand agreement. Under these circumstances, it is well settled that a joint venturer, like Davis, is *63 not liable for the preexisting obligations of his/her co-joint venturer. See § 620.63, Fla. Stat. (1987); In re Ginsberg, 219 F.2d 472, 473 (3d Cir.1955) (“a debt contracted by a partner individually to obtain capital which he turns over to the firm for its use is not a debt of the partnership unless expressly assumed by the latter[ ]”); Kislak v. Kreedian, 96 So.2d 510, 514-15 (Fla.1957); Hargadine-McKittrick Dry Goods Co. v. Goodman, 55 Fla. 361, 45 So. 995 (1908); Bessemer Properties v. Barber, 105 So.2d 895 (Fla. 2d DCA1958); 8 Fla.Jur.2d Business Relationships § 541 (1982).
The final judgment under review is, therefore, in all respects,
Affirmed.