The State, *ex rel.* Price *et al., v.* Hinsdale-Doyle Granite Company *et al.*

No. 13,639.

THE STATE, EX REL. PRICE ET AL., *v.* THE HINSDALE-DOYLE GRANITE COMPANY ET AL.

BOND.—*Contractor for County Building.—Liability of Sureties.—Debts Incurred by Subcontractor.*—Sureties on a bond given under section 4246, R. S. 1881, by a contractor for the construction of a county building are not liable for debts incurred by a subcontractor.

From the Grant Circuit Court.

*W. L. Lenfesty* and *J. L. Custer,* for appellants.
*H. Brownlee,* for appellees.

BERKSHIRE, J.—This is a suit upon a bond executed pursuant to section 4246, R. S. 1881.

The only error assigned is error of the court in overruling the motion for a new trial.

There are three reasons stated in the motion:

1.  The decision of the court is contrary to law.

2.  The decision of the court is not supported by sufficient evidence.

3.  The decision of the court is contrary to the evidence.

The facts, as we find them in the record, are about these: On the 14th day of July, 1880, the appellees executed the bond sued upon to secure the performance of a contract thereafter on the 17th day of the same month entered into by the Hinsdale-Doyle Granite Company with the board of commissioners of Grant county, State of Indiana, for the erection of a court-house; that after the execution of the contract, said company sublet a part of the work to one W. D. Richardson, who thereafter, and in the execution of his part of the work, contracted the indebtedness alleged in the complaint to be due to the relators; that the purchases were all made by the said Richardson and the credit given to him.

There is no stipulation in the bond that the obligors there-

in shall respond to any liability incurred or indebtedness created by a subcontractor, nor is there anything in the statute extending the liability beyond the default of the contractor.

We can imagine no principle or theory whereby the appellees can be compelled to answer for the indebtedness alleged to.be due to the relators.  They have the right to stand upon the terms and conditions of their bond.  We are not without authority to sustain the conclusion to which we have arrived.  *Faurote* v. *State, ex rel.*, 110 Ind. 463, and *Faurote* v. *State, ex rel.*, 111 Ind. 73, are cases in point.

Those were suits brought on a bond given to secure the completion of a gravel road to recover for work and labor performed for and materials furnished to a subcontractor.

In those cases said section 4246 of the statutes was construed, and it was held that the liability on the bond did not extend to debts incurred by a subcontractor.  See *McCluskey* v. *Cromwell*, 11 N. Y. 593.

The judgment is affirmed, with costs.

Filed March 6, 1889.