Filed May 26, 1896.

---

No. 2,004.

SWINDLE ET AL. *v.* STATE, EX REL. LEAK, ADMX.

APPELLATE PROCEDURE.—*Statute Construed.*—An appeal is properly presented, in an action on a gravel road contractor's bond, under section 645, R. S. 1894, authorizing appeals to be taken within one year, and is not governed by the special statute, sections 2609–2610, R. S. 1894, relating to appeals in matters growing out of decedent's estates.

GRAVEL ROAD.—*Contractor's Bond.—Action—Liability of Sureties. —Subcontractors. — Statute Construed.*— Debts of subcontractors are not within the scope of a gravel road contractor's bond, under section 5592, R. S. 1894, guaranteeing the faithful performance of the work, and "that the contractor shall promptly pay all debts incurred by him."

From the Warren Circuit Court.

*W. P. Rhodes*, for appellant.

*J. W. Sutton*, for appellee.

GAVIN, J.—Appellee sued upon a gravel road contractor's bond to recover for services, board, etc., rendered and furnished to the contractor. Swindle was the contractor and principal, while appellants Leak & Gregory were sureties.

The appeal in such cases is properly prosecuted under section 645, R. S. 1894, authorizing appeals to be taken within one year, and is not governed by the special statute, section 2609, 2610, R. S. 1894, relating

to appeals in cases growing out of any matter connected with a decedent's estate. *Merritt* v. *Straw, Admr.,* 6 Ind. App. 360; *Koons, Admr.,* v. *Mellett,* 121 Ind. 585.

The bond was executed in pursuance of the requirement of section 5592, R. S. 1894. That section commands the taking of a bond to guarantee the faithful performance of the work, "and that the contractor shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon." The terms of the bond correspond to the language of the statute.

The Supreme Court has adjudged that the sureties on such bonds are not liable for the debts of sub-contractors, where the contract is sublet. *Faurote* v. *State, ex rel.,* 110 Ind. 463; *State, ex rel.,* v. *Hinsdale, etc., Co.,* 117 Ind. 476.

If, before and at the time of rendering the services, Swindle & Leak were working on the road, and both told appellee's decedent that Swindle was building the road under his contract, and the services were rendered under the belief that this was true, Swindle was liable for the work done. The services were in legal contemplation rendered for him. It was his personal debt incurred in the construction of the road, and he and his sureties would be liable therefor, notwithstanding Leak may have been a sub-contractor.

The court, however, instructed the jury that if Leak was a sub-contractor, and the work was done for him as such sub-contractor, then the appellants would be liable upon the bond, just the same as though the work was done for the principal contractor. This instruction we cannot uphold. Both the statute and the bond itself provide that it be given to secure the payment of the debts incurred by the principal. The

sureties do not propose to answer on the bond for each other's debts, nor can they be required to so do. The appellee, in her complaint, does not count upon a debt incurred by Leak, but seeks to enforce, through the bond, the collection of a debt of Swindle.

The case stated by this instruction is not the one made by the complaint, nor is it one for which there is any responsibility upon the bondsmen.

If the appellee has a cause of action against Leak for labor done for him, she can, of course, recover against him in an appropriate proceeding.

We see nothing in *Wells* v. *Williams*, 39 Barb. 567, which would sustain appellee's contention.

Judgment reversed, with instructions to sustain the motion for new trial.

Filed May 26, 1896.