Argued October 28, decided November 26, 1912; rehearing denied January 7, 1913.

**SCHOOL DISTRICT NO. 6 *v.* SMITH.**

(127 Pac. 797.)

**Principal and Surety—Scope and Extent of Liability.**

1. The sureties on a bond given by a contractor for the construction of a school building under Section 6266, L. O. L., requiring contractors on public work to give a bond for the benefit of laborers and materialmen, are not liable for materials furnished to the contractor's partner and charged to him individually, although used in the construction of the building, since the bond, being statutory, should be strictly · construed, and the sureties may demand that those claiming its benefits shall bring themselves fairly within its terms.

**Principal and Surety—Scope and Extent of Liability.**

2. Sureties on a bond conditioned for the liability of a single person are not liable for debts contracted by a firm of which he is a member, except where the principal, after executing the bond, takes in a partner, and the goods are delivered to him, and charged to his individual account.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by School District No. 6, of Wallowa County, Oregon, for the use and benefit of The Central Door & Lumber Company, a corporation, against Bert Elton Smith, Chas. Rice, H. D. Akins, J. M. Thompson,

W. T. Mahon, A. F. Sheets, J. W. Isley, M. V. Knight, A. H. Rudd, T. T. Tucker and George Houser.

The facts as disclosed by the record are as follows: In May, 1910, the defendant Smith entered into a contract with the directors of School District No. 6 for the construction of a school building, and gave the bond required by Section 6266, L. O. L., with the other defendants as sureties. Upon the trial plaintiffs introduced evidence tending to show that a partnership existed at the time the contract was entered into between Smith and one I. H. Robinson, and that Robinson performed the woodwork on the building and ordered the materials, for the price of which this action was brought, in his own name, and that they were charged to Robinson individually. There was also evidence tending to show that plaintiffs, when they furnished the goods, were informed of the partnership relation existing between Smith and Robinson.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Beach, Simon & Nelson,* and *Mr. A. M. Runnells,* with an oral argument by *Mr. Roscoe C. Nelson.*

For respondents there was a brief over the names of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. A. S. Cooley.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The conditions of the bond are for the individual liability of Smith, and not for the liability of a firm of which Smith was a member. The bond, being statutory, should be strictly construed, and sureties thereon have a right to demand that plaintiff shall bring itself fairly within its terms. *Faurote* v. *State,* 110 Ind. 463 (11 N. E. 472; *State* v. *Hinsdale-Doyle Granite Co., et al.,* 117 Ind. 476 (20 N. E. 437).

"A rule never to be lost sight of in determining the liability of a surety or guarantor is that he is a

favorite of the law, and has a right to stand upon the strict terms of his obligation, when such terms are ascertained. This is a rule universally recognized by the courts, and is applicable to every variety of circumstances. Its existence has no doubt given rise to many of the expressions used by courts, when they have said that in construing the contract every intendment should be made in favor of the surety or guarantor, when, in fact, it should have no controlling influence at all on the construction of the contract. As illustrating the view of this rule, held by the courts, it has been said: 'Where any act has been done by the obligee that may injure the surety, the court is very glad to lay hold of it in favor of the surety.' Again: 'No principle is more firmly settled in this State than this: That sureties may stand on the very terms of a statutory bond or undertaking. So clearly has this doctrine been announced and acted upon, that it may be regarded as entering into the condition of such an undertaking that it will not be extended by the courts beyond the necessary import of the words used. It will not be implied that the surety has undertaken to do more or other than that which is expressed in such obligation.' Again: 'It is now too well settled to admit of doubt that a guarantor, like a surety, is bound only by the strict letter or precise terms of the contract of his principal, whose performance of it he has guaranteed, that he is in this respect a favorite of the law, and that a claim against him is *strictissimi juris.*' Again: 'Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may be even for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it and a variation is made, it is fatal.' " 1 Brandt, Suretyship and Guaranty (3 ed.), Section 106.

2. Sureties in a bond, conditioned for the liability of a single person, are not liable for debts contracted by a firm of which that person is a member. 1 Brandt, Surety-

ship and Guaranty (3 ed.), Section 134, and cases there cited. An exception to this rule is in a case where the principal, after executing the bond, took in a partner, but where the goods furnished were all delivered to the principal and charged to his individual account. 1 Brandt, Suretyship and Guaranty (3 ed.), Section 137. The case at bar presents conditions the very reverse of those last referred to. Here the goods were furnished to the silent partner and charged to his individual account, and the evidence indicates would not have been furnished to Smith, the principal in the bond, upon his individual account. Whatever liability Smith may have incurred by reason of his secret agreement with Robinson, we are clearly of the opinion that the sureties on his bond are not liable.

The judgment of the circuit court is affirmed.

AFFIRMED.