Argued February 18, modified March 22, 1921.

## CLATSOP COUNTY *v.* FELDSCHAU.

### (196 Pac. 379.)

**Highways—Charge for Horse Feed and Employees' Board, Furnished Road Contractor, Held Proper Charge Against Surety—"Supplies"—"Provisions."**

1. In a materialman's action on a contractor's bond, conditioned for the payment of persons furnishing supplies or provisions for carrying on the work, an amount due for horse feed furnished was a proper charge against the surety and was properly allowed, and so also was the amount due for feeding the contractor's employees.

**Highways—Expenses for Tobacco Furnished Road Contractor's Employees not a Proper Charge Against Surety.**

2. In a materialman's action on a contractor's bond, conditioned for the payment of persons furnishing supplies or provisions for carrying on the work, an amount due for tobacco, cigars and cigarettes furnished the men *held* not supplies or provisions necessary to the prosecution of the work, and not to constitute a proper charge.

**Highways—Purchase Price of Knives, Forks and Dishes not Proper Charge Against Road Contractor's Surety.**

3. Expenses for procuring knives, forks and dishes *held* properly disallowed as a charge against the contractor's surety; such articles not necessarily being consumed or destroyed in the prosecution of the work.

**Highways—Variance Between Complaint and Proof, in Materialman's Action on Road Contractor's Bond, Held not Material.**

4. In a materialman's action on a road contractor's bond for material furnished in the prosecution of the work, where the complaint alleged that the materials were furnished the contractor individually and the proof showed that such contractor had a partner who also became liable for materials, the variance *held* not so material as to mislead defendant surety.

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.

This is an action upon a bond given by defendant Feldschau with the defendant United States Fidelity and Guaranty Company as surety to, secure the per-

---

1. On the question of liability on contractor's bond for labor or material employed in the work, but not by order of the principal, see note in 43 L. R. A. (N. S.) 65.

formance of a contract entered into between the county and Feldschau for road work to be done by the latter, being the bond required by Section 2991, Or. L.  Neither Feldschau nor Erickson was served or appeared in the case.  The principal condition of the bond is as follows:

"Now, therefore, if the principal herein shall faithfully and truly observe and comply with the terms, conditions and provisions of the said contract, in all respects, and shall well and truly and fully do and perform all matters and things by him undertaken to be performed under said contract, upon the terms proposed therein, and within the time prescribed therein, and shall indemnify and save harmless the county of Clatsop, State of Oregon, its officers and agents, as therein stipulated, against any direct or indirect damages that shall be suffered or claimed, or injuries to persons or property during the construction of said road and until the same is accepted, and shall pay all laborers, mechanics, subcontractors and material men, and all persons who shall supply such laborers, mechanics or subcontractors with materials, supplies or provisions for carrying on such work, and shall in all respects faithfully perform said contract according to law, then this obligation shall be void, otherwise to remain in full force and effect."

The complaint after stating the contract and setting out the bond *in haec verba* contains the following allegation:

"That although said contract and said bond were in the name of the defendant, Fred C. Feldschau, it was a matter of fact that the same were executed for the use and benefit of the said defendants, F. C. Feldschau and Adolph Erickson, and that they were partners in said contract, each agreeing to pay and satisfy all the costs and expenses of completing said work, and to divide the profits thereof, if any."

This averment is denied by the answer.  The complaint further states that Feldschau and Erickson entered upon the performance of the contract, and that to carry out the same it was necessary that defendant Feldschau should employ in the prosecution of the work a large number of men and horses; that he did so during the whole time he was engaged in said work; that as a necessary part of said work he furnished feed for the horses and provisions for the men employed, the necessity for such feed and provisions being set forth at length; that the relator at the request of defendants Feldschau and Erickson furnished to Feldschau the provisions, feed, and supplies set forth in the complaint, which were furnished by said defendants to the men employed in said work and given to the horses used in the prosecution of the work, for all of which the defendants Feldschau and Erickson agreed to pay relator the sum of $4,711.22, no part of which has been paid except $725.03, leaving due thereon $3,986.19; and that at the time relator sold and delivered said materials and supplies to defendant Feldschau, which were furnished each month, it was agreed that they were to be paid for on the first of the next month following, and if not so paid the amount due therefor should draw interest at the rate of 6 per cent per annum from the first day of such following month until paid. Then follows a statement of the value of goods sold each month, and a prayer for interest on the separate items.

The cause being put at issue by the answer, a trial was had by the court, a jury being waived, and findings and judgment for the whole amount prayed for were made and given in favor of relator, except an item of $26.25 for table dishes and cooking utensils,

which was disallowed.   From this judgment the defendant surety company appeals.        MODIFIED.

For appellant there was a brief over the names of *Mr. Clarence J. Young* and *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. Young.*

For respondent there was a brief over the name of *Messrs. G. C. & A. C. Fulton,* with an oral argument by *Mr. A. C. Fulton.*

McBRIDE, J.—1–3. The first item which the court found was due plaintiff was for horse feed furnished, and amounted to $2,105.71.   This was a proper charge and was properly allowed.   It was also necessary that the men should be fed, and the charge for this was properly allowed.   We are of the opinion that tobacco, cigars and cigarettes furnished the men cannot be deemed supplies or provisions necessary to the prosecution of the work, and this item, amounting to $126.17, is disallowed.   As knives, forks, and dishes are articles not necessarily consumed or destroyed in the prosecution of the work, the charge for these was properly disallowed.

We come now to the principal question raised in the appellant's brief.   The complaint alleged substantially that the contract was made between Feldschau and the county, and the bond given was to secure the faithful performance of the contract by Feldschau. It further averred that in fact Feldschau and Erickson were partners and that the contract and bond were executed for the use and benefit of both of them.   It also stated that at the request of Feldsschau and Erickson the relator furnished *to Feldschau* the feed and provisions mentioned in the complaint, and that they both agreed to pay for them.

It is reiterated that the goods were sold *"to Feld-schau."* Upon this state of the pleadings the evidence admitted tended to show and, not being contradicted, did show, that the original contract was made with Feldschau alone, and that, after the work was begun and part of the supplies were furnished, Erickson, who according to the testimony was probably an indemnitor as to the bond furnished, came into the management either as an indemnitor or as a partner in completing the contract, and ordered some of the supplies so furnished, but they were not charged to him or to any partnership account, but to Feldschau alone. It is ably and plausibly contended that the fact that Feldschau had a partner at the time the contract and bond were executed, who was to participate in the liabilities and share in the profits, rendered the bond of no effect as to the relator. *School District* v. *Smith,* 63 Or. 586 (127 Pac. 797, 43 L. R. A. (N. S.) 65), is cited among other cases as authority for this contention. The allegations of the complaint in the case at bar fall far short of disclosing any enforceable contract between Erickson and the county, or the defendant surety company and Erickson. So far as the county was concerned, it was dealing with Feldschau alone. The liability was his alone. If he had a dozen undisclosed partners, that was not a matter of any importance to the county. He agreed to do the work and to see that employees and materialmen should be paid; and the defendant company guaranteed that he should do the work and pay the employees and materialmen. Since the bond and contract were set up in the complaint, the allegation that they were executed for the use and benefit of Feldschau and Erickson was a mere legal conclusion which those

instruments showed to be ill founded and which could have been stricken out on motion. In the case cited, Smith had a contract with the plaintiff school district to build a schoolhouse. The other defendants were voluntary sureties upon his statutory bond, which was substantially in the same form as the bond here in suit. Smith had a partner at the time the contract was entered into, one Robinson, who performed the woodwork on the building and ordered the materials for which the action was brought, in his own name, and they were charged to him personally. Upon this state of facts the plaintiff attempted to hold the bondsmen liable. It was held that this could not be done. Here, the goods were not sold to Erickson or charged to him or to any partnership. The complaint alleges that they were furnished to Feldschau and charged to Feldschau. A case parallel to *School District* v. *Smith,* 63 Or. 586 (127 Pac. 797, 43 L. R. A. (N. S.) 65), would be one in which Erickson had purchased the goods in his own name and had them charged to himself, and the relator had then attempted to enforce the bond given on behalf of Feldschau.

The evidence indicated that Erickson, if he was a partner, came into the firm after the contract was entered into and while the work was in progress, thus bringing this case within the exception noted in *School District* v. *Smith,* 63 Or. 586 (127 Pac. 797, 43 L. R. A. (N. S.) 65). The limitation therein expressed, as to those cases where the partnership is formed after the bond is executed, while broad enough as applied to that case is too narrow to be laid down as universal, as shown by the cases cited in the note to Section 137, Brandt on Suretyship and Guaranty (3 ed.). In the case at bar, while it is

alleged that the bond and contract were executed for the benefit of the partnership, it is also alleged that the goods were sold to Feldschau and the testimony shows that they were charged to Feldschau.

4. Taking the complaint as a whole, there was no variance so material as to mislead the defendant. The judgment will be modified by disallowing the item of $126.17 for tobacco, cigars, and cigarettes, and the proportionate interest allowed on this item, the whole deduction amounting to $136. The defendant will recover the costs of this appeal. In all other respects the judgment will stand as modified.

MODIFIED.

BURNETT, C. J., and BENSON and HARRIS, JJ., concur.