STATE OF OREGON, for Use of CLYDE EQUIPMENT CO. v. SECURITY CONST. CO. et al.

(District Court, D. Oregon.   January 26, 1925.)

No. 9290.

1. Courts ⬅➡ 366(1)—Federal courts bound by decision of highest state court on construction of state statute.

Federal courts are bound by the interpretation of a state statute by the highest court of the state.

2. States ⬅➡ 101—Contractor's bond held to include payment to subcontractor of rental value of equipment used on public contract.

Where contractor had agreed to furnish all necessary machinery, tools, and apparatus, his bond, executed under Or. L. § 2991, covering faithful performance, included payment of rental value of crushers and other machinery furnished subcontractor for the time same were used in construction work, notwithstanding such appliances constitute contractor's permanent outfit for doing the work it agreed to perform.

3. Pleading ⬅➡ 34(6)—Complaint entitled to liberal construction on demurrer to evidence.

On demurrer to evidence, the complaint is entitled to a liberal construction.

4. States ⬅➡ 101—Contractor's bond held to include cost of loading, transporting, unloading, and returning equipment used on public contract.

Contractor's bond, executed under Or. L. § 2991, held to include items for the cost of loading, transporting, and unloading equipment used on the work under public contract, as well as the cost of returning the same.

5. States ⬅➡ 101—Contractor's bond held not to include cost of equipment subcontractor was bound to furnish, and which was not consumed in work.

The value of equipment furnished subcontractor, which latter was bound to provide for carrying on his work, and which was not consumed on the job, is not included in the contractor's bond, under Or. L. § 2991, as debts incurred in performance of work.

6. States ⬅➡ 101—Attorney's fees allowable in suit on contractor's bond given under public contract.

Under Or. L. § 2991, and section 6719 as amended by Sess. Laws 1921, p. 653, attorney's fees are recoverable in a suit on a bond given by a contractor under a public contract.

At Law. Action by the State of Oregon, for the use and benefit of the Clyde Equipment Company, against the Security Construction Company and another. Decree for plaintiff.

Wm. B. Layton and Edward A. Boyrie, both of Portland, Or., for plaintiff.

A. A. Smith, of Baker, Or., and F. S. Ivanhoe and Robert S. Eakin, both of La Grande, Or., for defendants.

WOLVERTON, District Judge. This case was submitted to the court for decision, without the intervention of a jury.

The contractor, namely, the Security Construction Company, agreed, to furnish all necessary machinery, tools, apparatus, materials, and labor for doing the work assigned. The bond of the National Surety Company covers the faithful performance of the work. The matters for decision comprise certain claims, made on behalf of Clyde Equipment Company, for which it maintains it should be compensated, as arising under the contract, and for the payment of which the bond stands as surety. This entails a review of the items, in groups, of the account rendered.

The first group comprises rentals agreed to be paid by a subcontractor, namely, of $600 per month on a No. 2 and a No. 3 Gates gyratory crusher, a dragline hoist, and a "Ceco" drag scraper, and $500 per month on a No. 6—K Gates gyratory crusher and screen. The amount claimed is $2,220.

It is questionable whether this item should be allowed on the ground and for the reason that these crushers, and the hoist, scraper, and screen, constitute the plant and permanent outfit of the contractor for doing the work which it agreed to perform, and therefore are not referable to material and labor, under the statute and the bond given for insuring payment to those furnishing such material. La Grande Iron Works v. Neal & Gaskell, 231 P. 645 (recently decided by the Supreme Court of Oregon); National Surety Co. v. United States, 228 F. 577, 143 C. C. A. 99, L. R. A. 1917A, 336. If it were a case of first impression, I should be inclined so to hold. This would allocate the renting expense to the contractor, and there would be no relief under the statute.

[1, 2] The Oregon Supreme Court has spoken, however, to the subject, and brings the rental in such a case within the purview of the statute and bond. Multnomah County v. United States Fidelity & Guaranty Co., 87 Or. 198, 170 P. 525, L. R. A. 1918C, 685;

Multnomah County v. United States Fidelity & Guaranty Co., 92 Or. 146, 180 P. 104. By this interpretation of the statute I am bound. Of course, the rental must be only for the time the appliance is used in construction work. Portland v. O'Neill, 98 Or. 162, 192 P. 909.

[3] It is insisted that the complaint does not show that the machinery was, in fact, used in construction work. But coming, as the objection does, as a demurrer to the evidence, the complaint is entitled to a liberal construction, and, in the present case, it suffices to state a cause. The claim of $2,220 as rental for this equipment will be allowed.

[4] The next item is for cost of loading, transporting, and unloading equipment for which rental is claimed, $789.50. This is allowable on the same principle as the rental. It was paid by Clyde Equipment Company, and was essential for the delivery of the equipment on the ground. Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206.

The item of $231.84 is allowable on the like basis. The subcontractor agreed to return the equipment in good order—the usual wear and tear excepted.

[5] Item $186.75 for screen. The evidence shows that this article of equipment was not consumed, through its use on the job, and it was an equipment which the subcontractor was bound to provide for carrying on his work. Clatsop County v. Feldschau, 99 Or. 680, 196 P. 379; American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 F. 717; National Surety Co. v. United States, 228 F. 577, 143 C. C. A. 99, L. R. A. 1917A, 336. This item is disallowed.

So of the item of $364.94 for belting. This item of equipment was not consumed on the contract.

The same result must follow as to the items Cleveland rock drill, $170, and bucket elevator, $500. This is supported by the preceding authorities. These items are sought to be sustained as within the provisions of the bond to pay "all just debts, dues, and demands incurred in the performance of such work." I am not assured that this clause helps the plaintiff as respects these items. Where the contractor furnishes his own machinery and equipment, which constitute a part of his plant for prosecuting the work, a debt incurred in the purchase of the same would not seem to be one incurred in the performance of the work which he agrees to accomplish. The expression of the court in Multnomah County v.

United States Fidelity & Guaranty Co., 87 Or. 198, 206, 170 P. 525, 527 (L. R. A. 1918C, 685), that "the statute should not be extended to include the use of material not intended to be protected by it or by the contract and bond, such as claims for the purchase of an engine, hoisting apparatus, or the like," is as pertinent now as when it was written. So of the expression found in Portland v. O'Neill, supra, namely: "It is the labor and material supplied for the prosecution of the work which is protected, and not some obligation incurred by the contractor which does not approximate the construction contracted to be done." So I say the more recent "just debts" clause does not enlarge the operation of the statute or the bond so as to comprise dues and debts not incurred in the performance of the work.

The remaining items of the account will be allowed.

[6] Defendants insist that reasonable attorney fees are not recoverable by the prevailing party in the present action; it being submitted that the action is instituted wholly within the purview of section 2991, Oregon Laws. This section contains no provision respecting attorney fees recoverable by either party. Plaintiff, on the other hand, insists that such fees are allowable, under section 6719, Oregon Laws, as amended (Session Laws 1921, p. 653). These two sections—2991 and 6719 as amended—treat principally of the same subject-matter; the one being of public contracts, and employment thereon, and the other of contract on bond for public contracts, and hours of employment. The latter section goes further than the former, and provides for the recovery of attorney fees. In effect, there is much of duplicate legislation in these two sections, and, inasmuch as the subject-matter is so largely the same, I am of the opinion that attorney fees are recoverable in this action. The court will allow, as a reasonable fee for the prosecution of the action, the sum of $250.