MARCH, et al, Respondents, v. BUTLER, Defendant. NATIONAL SURETY COMPANY, Appellant.

(220 N. W. 461.)

(File No. 5977.   Opinion filed July 7, 1928.)

*Mather, Stover & Mather,* of Watertown, for Appellant.
*E. W. Martin,* of Hot Springs, for Respondents.

POLLEY, J. This action is brought to recover on a contractor's bond. Defendant Butler took a contract from the state highway commission to do certain road work on a state highway between Hot Springs and Oelrichs. Butler established a boarding camp to provide board and living quarters for his workmen while carrying on the work provided for in the contract. Plaintiff sold to Butler certain merchandise amounting in value to the sum of $2,257.18, alleged to have been used by the men employed by Butler in carrying on the said work. Upon this amount Butler paid $1,700.50, leaving a balance unpaid of $556.68. This balance he failed to pay, and this action is brought for the recovery of the same.

At the time of the execution of the contract between Butler and the state highway commission, the defendant National Surety Company executed a bond with Butler to the state, whereby it covenanted and agreed that the terms of the contract should be kept and performed by Butler; and also covenanted to pay all claims incurred for "materials, supplies, tools and appliances in carrying out the provisions of said contract." Plaintiff had judgment, and defendant surety company appeals.

While there are a considerable number of errors assigned, the only real question involved in the case is whether the

articles of merchandise sold by plaintiff to Butler are such as to constitute "materials and supplies" within the meaning of the bond. The materials and supplies provided for in the bond mean, of course, only such materials and supplies as were necessary to carry out the provisions of the contract. But if it was necessary to establish the boarding camp in order to furnish the workmen with living quarters conveniently near to the work that was being done, and the evidence indicated that it was, then such materials and supplies as were necessary to maintain the boarding camp were included in the provisions of the bond.

In J. F. Anderson Lumber Co. v. National Surety Co., 49 S. D. 235, 207 N. W. 53, we held that materials used in the construction of "temporary structures at the bridge site, including shed for storing cement, bunkhouse, and dining room for workmen and equipment for the same," constitute materials within the meaning of the bond, although the same were not wholly used up in doing the work. "Supplies" is a broader and more comprehensive term than "materials" and includes any articles that are necessary to maintain the said boarding camp. It includes:

"Goods, wares, and merchandise of almost every kind and nature, whether used in the household or on the farm, or in any sort of productive or constructive work requiring the labor or service of men or animals or machinery. In the instant case, they were furnished to be used, and were actually used, in advancing the work to be done under this contract, and in that sense entered into and became a component part of it and of the thing produced by it." Bricker v. Rollins & Jarecki, 178 Cal. 347, 173 P. 592.

■ ■ But in order to come within the meaning of supplies as that term is used in the contract and bond in this case, the articles of merchandise must be reasonably necessary for the purpose of operating the said boarding house. Appellant has divided the articles, items of merchandise, involved into three separate classes. While it does not concede that any of such articles come within the meaning of the term "supplies," it contends that some of them clearly are not necessary for the prosecution of the work or the operation of said boarding camp. Two of these lists made up by appellant consist largely of groceries or cooking materials that are absolutely necessary to run the table. There is a considerable quantity of soap, and washing and cleansing compounds, of one kind

and another, that should also be held to be necessaries, and are covered by the bond. The third of these lists made up by appellant, aggregating $118.55 in value, consists wholly of snuff, pipes, candy, tobacco, cash, cigarettes, cider, ice cream, shoe polish, chocolates, cigars, marshmallows, and stationery. We do not believe that any of these articles can be considered as necessaries, or constitute supplies within the meaning of the contract or bond. Clatsop County v. Feldschau, 99 Or. 680, 196 P. 379.

But it does not follow necessarily that the entire amount of $118.55 should be deducted from the total amount due. As above stated, the record shows that payments to the amount $1,700.50 had been paid by Butler. But it is not shown that any application of these payments was made by either debtor or creditor to any particular items of the total account, and in the absence of any designation that specific items were to be paid, the law implies that the payments made are to be applied first to the oldest or earliest items of the account. 30 Cyc. 1244; subdivision 3, § 757, c. 1919. Applied in this manner, the payments made by Butler paid all of this third list made up by defendant except $34.15, and it is this amount, and not $118.55, that should be deducted from the amount sued for. With this deduction made, the judgment should stand as to the balance. And since the appellant has not at any time admitted any liability, no costs will be taxed on this appeal.

The case will be remanded to the trial court, with directions to amend the judgment to conform to this opinion.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur. CAMPBELL, J., not sitting.