MARGULIES, Respondent, v. OGDIE, et al, Appellants

(10 N. W.2d 513.)

(File No. 8605.   Opinion filed August 4, 1943.)

**Doyle & Mahoney,** of Sioux Falls, for Defendants and Appellants, C. A. Wagner Construction Co. and Western Surety Co.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Plaintiff and Respondent.

RUDOLPH, J. On September 3, 1938, the defendant Wagner Construction Company entered into a written contract with the State of South Dakota for the construction of a concrete highway in Lincoln County. The contract provided in part as follows: "The said Contractor further agrees to pay all just claims for materials, supplies, food, tools, appliances and labor, and all other just claims incurred by him or any of his sub-contractors in carrying out the provisions of this contract, and further agrees that the contract bond shall be held to cover all such claims."

At the time of the execution of the contract the defendant Western Surety Company executed and delivered a bond, the condition of which is as follows: "Now, therefore, The condition of the foregoing obligation is such that if the said Principal shall well, truly and faithfully comply with and perform all the terms, covenants and conditions of said contract, on his part to be kept and performed according to the terms and tenor of said contract, * * * and if the above bounden Principal, his heirs, executors, administrators or assigns, shall and will and truly pay or cause to be paid the wages stipulated and agreed to be paid each and every laborer employed by the principal, his agent, or sub-contractor and all claims incurred for materials, supplies, food, tools and appliances, in carrying out the provisions

of said contract, then this obligation is null and void, otherwise to remain in full force and virtue."

The defendant Ogdie owned and operated a fleet of trucks which he used largely in the hauling of gravel and similar substances. An agreement was entered into between Ogdie and the Wagner Company to haul crushed rock from the quarry at West Sioux Falls to Worthing, South Dakota, where the Wagner Company was collecting materials to go into the highway. The round trip in hauling such materials approximated 40 miles and about 24,000 tons of the crushed rock was to be hauled. During the progress of the work there was a breakdown in the West Sioux Falls quarry which necessitated that Ogdie haul the crushed rock from a quarry at Dell Rapids, making a round trip distance of approximately 80 miles. In addition to hauling the crushed rock, it was agreed between Ogdie and the Wagner Company that Ogdie would haul certain machinery necessary for the highway work from Britton, South Dakota, and Harvey, North Dakota. Certain of Ogdie's trucks were also used by the Wagner Company to haul machinery and steel mesh from Sioux Falls to the paving location. The Wagner Company purchased the sand and gravel for use in the paving from L. G. Everist, who owned a gravel pit located at Klondike, Iowa, which was about twenty miles from the scene of the paving work. Everist made a contract with Ogdie whereby it was agreed that Ogdie, as an independent contractor, would haul the gravel from the Everist pit to the paving location. In the performance of this contract Ogdie hauled some 15,000 tons of sand and gravel.

During the time that Ogdie was engaged in hauling these various materials, all of which were used in the paving project, he from time to time purchased, from plaintiff's assignor, repairs and tires for the trucks being used. The repairs were largely of a type that would be designated as minor repairs to a truck and consisted of such items as reflectors, tail lights, clearance lights, light bulbs, ignition coils, filters, ignition switches, spark plugs, bearings, axle

shafts, wrenches, etc. Odgie testified and it stands undisputed in this record, that all of the tires purchased went onto the trucks that were used in hauling the materials for the paving work and that when he finished this job of hauling, the tires on his trucks were not in as good condition as when he commenced this work. Plaintiff instituted this action against the Wagner Construction Company and the surety on its bond to recover payment for the tires and repairs furnished to Ogdie. The case was tried to the court and resulted in findings, conclusion and judgment in favor of the plaintiff. Defendants have appealed.

██ The contract and bond provisions set out above are not unfamiliar to this court. Anderson Lumber Co. v. National Surety Co., 49 S. D. 235, 207 N. W. 53; March et al. v. Butler, 53 S. D. 170, 220 N. W. 461; Dennis v. Great Northern Const. Co., et al., 53 S. D. 646, 222 N. W. 269; Finch et al. v. Enke et al., 54 S. D. 164, 222 N. W. 657; Dennis v. Enke, 55 S. D. 15, 224 N. W. 925; Western Material Co. v. Enke et al., 56 S. D. 302, 228 N. W. 385; Central Tractor & Eq. Co. v. Betz, 63 S. D. 435, 260 N. W. 269; Western Material Co. v. Deltener, 64 S. D. 62, 264 N. W. 207. In each of the cases it was pointed out that the obligation, under the contract and bond when construed together, is extremely broad. In the case of Western Material Co. v. Enke, supra [56 S. D. 302, 228 N. W. 388], it was said: "We think a surety executing a bond as broad in its provisions as the one here involved must be held to have in contemplation a liability for such repairs to the plant and equipment of the contractor as are ordinarily and reasonably necessary to keep the same in operating condition to the end that the contract may be duly performed.|" Obviously, if the surety is bound as above described, so also is the principal who signed the bond; it is only on account of the obligation of the principal that the surety is bound. 21 R. C. L. 946. We think it clear, therefore, that under the rule announced in the above cited cases the repairs furnished for the trucks were, as such, within the coverage of the bond. We believe the same rule should apply to the tires purchased, and

used to replace tires which had been consumed in the operation of the trucks on this particular job, such replacement being neecssary to keep the trucks operating for the purpose of completing the work. In the Dennis v. Enke case, supra, this court drew a parallel between the court determining just what is within the coverage of such a bond, and the cost accountant determining whether certain tools or appliances should be charged as a direct expense item to a particular job, or should be charged to plant and equipment. It was there held that as a general rule, subject perhaps to exception in border line cases, an item is within the coverage of a bond such as this, if it is such that the cost accountant would charge it as a direct expense item to a particular job and not to plant and equipment. The purchase price of these tires, we believe, constitutes a direct expense item chargeable to this job. The replacement was necessary because of the ordinary wear and tear caused by the work involved; the record discloses that considering the load hauled and the miles traveled this wear and tear was such as might reasonably have been expected in the performance of the work; the replacements were only such as were necessary to keep the trucks operating to the end that the contract might be completed; when the work was completed the tires on the trucks were not in as good condition generally as were the tires when the work was started. On a job such as this tires are going to be worn out and become damaged all of which necessitates a replacement if the work is to continue. In our opinion, therefore, the tire expense disclosed by this record constitutes a direct item of expense of this particular job, and is of such a nature that it must be held to have been contemplated by the parties as an expense chargeable to this job at the time they executed the bond.

The trial court held that Ogdie hauled the crushed rock as an independent contractor. Appellant contends that such holding was error, and that it was also error for the court to hold that Everist was an independent contractor in furnishing the sand and gravel. We do not believe that appellant's contention is material to the result reached in

this case. In the cases cited above, this court has held that in determining the obligation of the parties the provisions of the contract and bond must be construed together. The court has constantly held that the liability extends to "all claims incurred for materials, supplies, food, tools and appliances, in carrying out the provisions of said contract," as expressly provided in the bond. Speaking with reference to this provision in the bond, the court said in the Western Material v. Enke case, supra: "As we have pointed out in previous decisions, the fundamental test is whether the claim in question was such a just claim 'incurred in carrying out the provisions of the contract' as might 'be fairly held to have been in contemplation of the parties when executing the contract and the bond therefor.'" It seems clear to us that whether the present claim is a just claim "'incurred in carrying out the provisions of the contract' as might 'be fairly held to have been in contemplation of the parties when executing the contract and the bond * * *'" is not dependent in the least upon the status of either Ogdie or Everist as an independent contractor or otherwise. While it is true that the contract and bond do provide for payment of claims incurred by subcontractors, such provision, under our decided cases, does not constitute a limitation of the obligation incurred. The obligation is limited only by that phase of the bond to which we have referred and, as stated above, extends to "all claims" relating to the items therein mentioned which are incurred in carrying out the provisions of the contract. We think it sound to state that the apparent purpose and intent of this bond to protect against all claims incurred in carrying out the provisions of the contract should not be defeated by some refinement of reasoning in determining whether the claims were incurred by an independent contractor, an employee, or an independent contractor of a material man. The rule of strictissimi juris has no application in these cases, and the bond should be construed most strongly in favor of indemnity. Western Material Co. v. Enke, supra.

We are of the opinion, therefore, that, under the facts

of record, the coverage of the bond extends to the claims incurred by Ogdie in the purchase of repairs and tires from the plaintiff.

The judgment appealed from is affirmed.

All the Judges concur.